furnished materials and performed necessary work. The plaintiff in every respect fully complied with his contract, yet instead of being compensated within a reasonable time has been exposed to unreasonsonable and vexatious conduct on the part of both the defendant Mazzucco and the defendant American Casualty. The plaintiff has endured a barrage of vexatious motions and other pleadings, none of which denied that he had properly performed his contract. The defendant Mazzucco knew of the plaintiff's presence on the job site and contrary to its assertions was well aware of American Incinerator's default and bankruptcy proceedings. The defendant American Casualty provided the bond and well knew that its terms provided:

"Now, therefore, if Principal shall, in accordance with applicable Statutes, promptly make payment to *all persons supplying labor and material* in the prosecution of the work provided for in said contract, * * * then this obligation to be void; otherwise to remain in full force and effect." (Emphasis supplied).

A mere reading of the bond which was provided by the defendant Mazzucco and the defendant American Casualty clearly states that payment was to be made to "all persons supplying labor and material" and therefore in the instant case we cannot find that there would have been a reasonable difference of opinion as to whether plaintiff could recover from these defendants and consequently we do not believe that the trial court was in error in awarding interest to the plaintiff on its claim.

We find no reversible error and therefore the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

ALLOY, P. J., and DIXON, J. concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CLARENCE MELVIN SUTTON, Defendant-Appellant.

(No. 72-31; )

Third District—March 7, 1972.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Max B. Stewart, State's Attorney, of Carthage, for the People.

Monty M. Stanley, Plaintiff-Appellee, *v.* Marjorie Taylor, Defendant-Appellant.

(No. 11436;

Fourth District—February 7, 1972.

*Rehearing denied March 7, 1972.*