BURNS, f.k.a. Morgan, Appellant,

v.

MORGAN, Appellee.

[Cite as Burns v. Morgan, 165 Ohio App.3d 694, 2006-Ohio-1213.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 05CA11.

Decided March 13, 2006.

Jon C. Hapner, for appellant.

Michael L. Morgan, pro se.

ABELE, Judge.

{¶ 1} This is an appeal from a Highland County Common Pleas Court "Entry Overruling Objections" following a motion by Michael L. Morgan, defendant below and appellee here, to modify the allocation of parental rights and responsibilities.

{¶ 2} Lisa K. Burns (formerly known as Morgan), plaintiff below and appellant here, raises the following assignment of error for review and determination:

The trial court erred in granting a modification of custody.

{¶ 3} In April 1997, the parties divorced. The trial court designated appellant the residential parent of the parties' minor children, Liticia (now emancipated), Michael (born October 3, 1989), and Mikaela (born June 17, 1994). On January 4, 2005, appellee filed his third motion to modify custody.

{¶ 4} On April 29, 2005, the magistrate recommended that appellee be designated Michael's residential parent. The magistrate found that a change in circumstances had occurred: "Michael Morgan desires to reside with his father and the father has a new house and adequate room for the minor child to reside, and Michael is now 15 years old and feels that it is easier to discuss difficult issues with his father and stated numerous other reasons during the in-camera interview." The magistrate further found that changing the designation of residential parent served Michael's best interest.

{¶ 5} On May 10, 2005, appellant filed objections to the magistrate's decision. She argued that a change in circumstances had not occurred and that a modification was not in the child's best interests.

{¶ 6} On July 8, 2005, the trial court overruled appellant's objections. The court found that "the Magistrate's Decision contains sufficient Findings of Fact to justify that a change in circumstances has occurred since the prior Custody Orders herein. Moreover, upon review of all testimony and evidence submitted to the Magistrate, the Court does find that such a change is in the best interest of the minor child." Nowhere in its entry, however, does the court state the relief granted. Appellant timely appealed the trial court's judgment.

{¶ 7} Initially, we must address a threshold issue concerning the trial court's entry. Ohio appellate courts have jurisdiction to review the final orders of inferior courts within their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02. A final, appealable order is one that affects a substantial

right and determines the action. R.C. 2505.02(B)(1). If a judgment is not final and appealable, an appellate court does not have jurisdiction to review the judgment and the appeal must be dismissed. See, e.g., *Mtge. Electronic Registrations Sys. v. Mullins,* 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, at ¶ 17.

{¶ 8} "[T]he primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution." *Harkai v. Scherba Industries, Inc.* (2000), 136 Ohio App.3d 211, 215, 736 N.E.2d 101. "One fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties." (Citations omitted.) Id. "Moreover, a 'judgment' must be distinguished from a 'decision.' * * * A decision announces what the judgment will be. The judgment entry unequivocally orders the relief." (Citations omitted.) Id. at 216, 736 N.E.2d 101.

{¶ 9} When a court refers a matter to a magistrate, the trial court judge must enter a judgment. " 'Civ.R. 53 places upon the court the ultimate authority and responsibility over the referee's findings and rulings. The court must undertake an independent review of the referee's report to determine any errors. * * * The findings of fact, conclusions of law, and other rulings of a referee before and during trial are all subject to the independent review of the trial judge. Thus, a referee's oversight of an issue or issues, even an entire trial, is not a substitute for the judicial functions but only an aid to them.' " Id. at 217, 736 N.E.2d 101, quoting *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 5–6, 615 N.E.2d 617.

{¶ 10} After the magistrate issues a recommendation, " '[t]he trial court must * * * enter its own independent judgment disposing of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined. In other words, the judgment entry must be worded in such a manner that the parties can readily determine what is necessary to comply with the order of the court.' " *Yahraus v. Circleville* (Dec. 15, 2000), Pickaway App. No. 00CA04, 2000 WL 33226190, quoting *Lavelle v. Cox* (Mar. 15, 1991), Trumbull App. No. 90–T–4396, 1991 WL 35642 (Ford, J., concurring).

{¶ 11} In the case at bar, the trial court's July 8, 2005 entry does not constitute a final, appealable order. We note that the court did not separately state the judgment and the relief granted to the parties. Overruling objections to a magistrate's decision without separately setting forth the court's own

judgment does not constitute a final judgment subject to appeal. See Civ.R. 54(A); cf. *Yahraus*.

{¶ 12} Accordingly, we hereby dismiss this appeal.

Appeal dismissed.

KLINE, J., concurs.

MCFARLAND, J., dissents.