**BROWN, Appellant,**

v.

**BROWN, Appellee.**

[Cite as *Brown v. Brown*, 183 Ohio App.3d 384, 2009-Ohio-3589.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

No. 08CA11.

Decided July 15, 2009.

The Law Firm of Richard M. Lewis, L.L.C., and Richard M. Lewis; and Shriver Law Office, Ltd., and Jill H. Shriver, for appellant.

Steven Brown, pro se.[1]

---

1. Appellee Steven Brown did not file a brief and, therefore, is not participating in this appeal. See App.R. 18(a) and (c).

KLINE, Presiding Judge.

{¶ 1} Deanna Brown appeals the judgment of the Jackson County Court of Common Pleas. After obtaining a civil protection order against her ex-husband, Deanna moved to modify or terminate their existing shared-parenting agreement. Deanna also moved to modify her ex-husband's child-support payments. The trial court denied Deanna's motions. On appeal, Deanna contends that the trial court erred in denying her motion to modify child support. However, we do not address the merits of Deanna's arguments because we find that the trial court's order is ambiguous, confusing, and not certain in itself. As a result, we find the order void for uncertainty and, therefore, not a final, appealable order. Accordingly, we dismiss this appeal for lack of jurisdiction.

I

{¶ 2} Deanna and Steven Brown were married on July 6, 2000, and have two children. Deanna filed for divorce on October 15, 2005. On February 10, 2006, Steven filed a motion for shared parenting. The trial court issued an agreed judgment entry and decree of divorce ("the divorce decree") on September 20, 2006. In the divorce decree, the trial court adopted Steven's shared-parenting plan with minor modifications. Under the shared-parenting arrangement, Steven was to have substantial companionship time with the two children, including overnight visitations. The trial court further ordered Steven to pay child support. However, the trial court also granted a deviation in child-support payments based on Steven's companionship time with the children.

{¶ 3} After an October 6, 2006 hearing, Deanna obtained a civil protection order ("CPO") against Steven. Under the CPO, Steven was to stay 1,000 feet away from Deanna. Further, the CPO limited Steven to supervised visitation with the children.

{¶ 4} Among various motions filed by both parties, Deanna filed a motion to terminate the shared parenting, to modify the parenting orders to conform to the civil protection order, to end the deviation in child support, and to modify the child support. In a September 4, 2007 journal entry ("the temporary order"), the trial court modified Steven's visitation rights. The temporary order states, "[T]he parties agreed that [Steven's] visitation with the minor children would be modified pending further orders of this Court following an evidentiary hearing which will be scheduled for 9:00 a.m. on October 24, 2007." Until further order of the trial court, Steven was to have supervised visitation with the children every Wednesday and Thursday from 9:00 a.m. until 5:00 p.m. and every other weekend, on Saturday and Sunday, from 9:00 a.m. until 5:00 p.m.

{¶ 5} The trial court held the evidentiary hearing on October 24, 2007, but the trial court judge recused himself before the court could rule on the parties' motions. A different judge held another evidentiary hearing on July 8 and July 14, 2008.

{¶ 6} On August 8, 2008, the trial court issued its entry and final, appealable order ("order three"). Order three states the following:

{¶ 7} "When reviewing a request to allocate or reallocate a parenting order on a shared parenting order the concern of the Court is for the best interest of the children. See R.C. 3109.04 et sequi:

{¶ 8} "If a Court finds that the program under which the children are operating is working it should not be changed unless the change would be in the best interest of the children.

{¶ 9} "The visitation which in effect now [sic] is supervised visitation. According to the Plaintiff–Movant, the supervised visitation is working and she wants the children to have an association with their father.

{¶ 10} "The parties do not like each other very much. If they did they would probably remained [sic] married.

{¶ 11} "Since the current parenting order is working, the Court denies the Plaintiff's motion to terminate the shared parenting order or to modify the shared parenting order to comply with the Civil Protection Order."

{¶ 12} Additionally, order three denies Deanna's motions related to Steven's child-support payments.

{¶ 13} Brown appeals, asserting the following assignment of error:

{¶ 14} "The trial court erred in denying the plaintiff's motion to modify the child support including, but not limited to, ending the deviation in child support."

## II

{¶ 15} In her only assignment of error, Deanna contends that the trial court erred in denying her motion to modify Steven's child-support payments. Before we may consider the merits of Deanna's arguments, we must first address a jurisdictional issue. Specifically, we do not have jurisdiction over this appeal if order three does not constitute a final, appealable order.

{¶ 16} "Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district." *Caplinger v. Raines,* Ross App. No. 02CA2683, 2003-Ohio-2586, 2003 WL 21152490, at ¶ 2, citing Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then we have no jurisdiction to review the

matter. *Caplinger* at ¶ 2. "In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte." Id., citing *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; *Whitaker–Merrell v. Geupel Co.* (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399, 280 N.E.2d 922.

█ {¶ 17} "[T]he primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution." *Harkai v. Scherba Industries, Inc.* (2000), 136 Ohio App.3d 211, 215, 736 N.E.2d 101; *Burns v. Morgan,* 165 Ohio App.3d 694, 2006-Ohio-1213, 847 N.E.2d 1288, ¶ 8. "One fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties." *Harkai* at 215, 736 N.E.2d 101; *Burns* at ¶ 8.

█ {¶ 18} In its judgment entry, "[t]he trial court must * * * dispos[e] of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined. In other words, the judgment entry must be worded in such a manner that the parties can readily determine what is necessary to comply with the order of the court." (Citations omitted.) *Burns* at ¶ 10; *NovaStar Mtge., Inc. v. Akins,* Trumbull App. Nos. 2007–T–0111 and 2007–T–0117, 2008-Ohio-6055, 2008 WL 4964323, ¶ 47; *Yahraus v. Circleville* (Dec. 15, 2000), Pickaway App. No. 00CA04, 2000 WL 33226190. " '[T]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court.' " *Harkai,* 136 Ohio App.3d at 216, 736 N.E.2d 101, quoting *Walker v. Walker* (Aug. 5, 1987), Summit App. No. 12978, 1987 WL 15591. See also 62 Ohio Jurisprudence 3d, Judgments ("It is a fundamental rule that a judgment must be complete and certain in itself").

{¶ 19} Here, we cannot readily determine what is necessary to comply with order three, because it is ambiguous, confusing, and not certain in itself. Order three states that supervised visitation under the current parenting order is "working" and, therefore, specifically denies Deanna's motion to terminate or modify the shared-parenting order. But the current parenting order mentioned in order three is *not* the shared-parenting order. Rather, the current parenting order mentioned in order three is the supervised visitation established in the temporary order. By denying Deanna's motion to terminate or modify shared parenting, the trial court seemingly reverts back to the shared-parenting ar-

rangement adopted in the divorce decree. However, through its reasoning, the trial court apparently seeks to make permanent the supervised visitation established in the temporary order. Thus, the trial court seemingly denies Deanna's motion while also granting it.

{¶ 20} Deanna's own brief evidences the confusion caused by order three. Her brief spends more than three pages trying to explain what order three purports to accomplish. As Deanna explains, "The Court said it was denying the Motion to Terminate Shared Parenting but, in fact, converted the temporary order for visitation contained in [the Temporary Order] into a final Order [sic] which de facto terminated the Shared Parenting Order contained in the [Divorce Decree]." That is certainly a reasonable interpretation of order three. But order three specifically denies Deanna's motion to terminate or modify shared parenting. And by definition, such a result leaves the shared-parenting arrangement in full effect. Order three does not, anywhere on its face, mention the temporary order or state that it is making the temporary order's supervised visitation permanent. Because order three is subject to different interpretations, it does not unequivocally order the relief sought by Deanna. See *Burns*, 165 Ohio App.3d 694, 2006-Ohio-1213, 847 N.E.2d 1288, at ¶ 8, quoting *Harkai*, 136 Ohio App.3d at 216, 736 N.E.2d 101 (stating that a "judgment entry unequivocally orders the relief").

{¶ 21} Therefore, for the foregoing reasons, we find that order three is ambiguous, confusing, and not certain in itself. As a result, we find order three void for uncertainty and, therefore, not a final, appealable order. See *NovaStar*, 2008-Ohio-6055, 2008 WL 4964323, ¶ 57 (finding order void for uncertainty and not a final, appealable order); *Short v. Short* (Apr. 8, 2002), Fulton App. No. F–02–005, 2002 WL 537990, (finding order void for uncertainty and stating "that no appeal can be taken from a void judgment"); see also *DWP Corp. v. Dixie Mach. & Supply Co.* (May 8, 1992), Pike App. No. 466, 1992 WL 97807 (stating that "a party cannot appeal from a judgment which is null or void").

{¶ 22} Accordingly, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

ABELE and MCFARLAND, JJ., concur in judgment only.