[Cite as *McCoy v. Sullivan*, 2016-Ohio-3054.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

Brent McCoy,                              :

     Plaintiff-Appellee,              :       Case No. 16CA3739

                                        :

     v.                                :

                                        :       **RELEASED:  5/13/2016**

Veronica Sullivan,                        :

                                        :       <u>DECISION AND JUDGMENT ENTRY</u>

     Defendant-Appellant.            :
_____

<u>APPEARANCES:</u>

Frederick C. Fisher, Jr., McCown & Fisher, Ironton, Ohio for Appellant.

Roxanne Hoover, Portsmouth, Ohio for Appellee.
_____

**{¶1}**   This is an appeal from a Scioto County Common Pleas Court agreed judgment entry concerning paternity, parenting rights, custody, child support, and the name change of a minor. This Court issued an entry directing the parties to file memoranda addressing whether we have jurisdiction to hear this appeal because the order appealed from may not be a final appealable order. Neither of the parties filed a response. However, Appellant filed a motion to dismiss the appeal on the ground that the order appealed from is not a final appealable order.  After review, we conclude that the appealed order is not a final appealable order. Therefore, this Court does not have jurisdiction over the appeal, we **GRANT** Appellant's motion to dismiss, and **DISMISS** this appeal.

{¶2}    Appellant Sullivan filed a notice of appeal from a February 26, 2016 agreed judgment entry that determined the issue concerning the minor's name change and the allocation of tax deductions and adopted by reference the trial court's December 1, 2015 order ruling on the parties' objections to the magistrate's decision.  In its February 26 order, the trial court entered its own independent judgment on two of the multiple legal issues originally submitted to the trial court. However, the February 26 order did not separately state the judgment and relief on the paternity, parenting rights, custody or child support issues.  Instead, the order states:

> All prior ORDERS from the Decision on December 1, 2015 remain in effect. As the parties have reached an agreement on the issues set for hearing on February 4, 2016, each has waived the right to object to the Magistrate's Decision. Therefore, this final Judgment entry encompassing all orders will be considered the final appealable order.

{¶3}    The December 1, 2015 order ruled on the parties' objections to the magistrate's decision, sustaining one objection and remanding it to the Magistrate to hold a hearing on the minor's name change.  The December 1, 2015 order did not enter any separate or distinct findings on paternity, parenting rights, custody, or child support issues, but instead incorporated the magistrate's decision on those issues:

> The Findings of Fact and Conclusions of Law delineated by the Magistrate, and not otherwise overturned or modified herein, are incorporated herein the same as if rewritten herein and are adopted by the Court.

{¶4}    A judgment entry which adopts a magistrate's decision but fails to enter judgment through a "separate and distinct" entry does not constitute a final appealable order. *In re A.R.,* 4th Dist .No. 07CA3000, 2008-Ohio-4822, at ¶11 (the court inserted a line at the bottom of the magistrate's decision adopting it as its own order). In order to

be a final appealable order, the trial court, in adopting the magistrate's decision, must enter "a separate judgment that sets forth the grounds for relief." A court must enter a separate judgment that includes the outcome of the dispute and the remedy provided, even if it chooses to adopt the magistrate's decision. *Id.* at ¶ 9. *See also In re Elliott,* 4th Dist. No. 97CA2313, 1998 WL 101351 (March 5, 1998)(court entered a separate one-sentence entry adopting the magistrate's order); Civ.R. 54(A)("A judgment shall not contain * * * the magistrates's decision in a referred matter * * * .").

{¶5} The trial court's entry must contain "its own independent judgment disposing of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined." *Burns v. Morgan*, 165 Ohio App.3d 694, 2006-Ohio-1213, 847 N.E.2d 1288, ¶ 10 (4th Dist.). The entry must grant relief on the issues *originally* submitted to the court. *Jackson v. Jackson,* 4th Dist. Washington No. 13CA40, 2014-Ohio-5853, ¶ 11, citing *Deutsche Bank Natl. Co. v. Caldwell,* 196 Ohio App.3d 636, 2011-Ohio-4508, 964 N.E.2d 1093, ¶ 7.

{¶6} Here, the trial court's February 26 entry sets forth its own independent judgment disposing of the minor's name change issue and the allocation of tax deductions, but does not address the paternity, parenting rights, custody and child support issues. On those remaining issues, the trial court simply references its December 1, 2015 order, which itself does not set forth independent judgments disposing of any of the original issues and merely incorporates the magistrate's decision "as if rewritten" therein. The trial court must set forth all of its findings on all of the issues

originally presented separately in its own judgment entry. *Burns v. Morgan, supra*; *Jackson v. Jackson, supra; Deutsche Bank Natl. Co. v. Caldwell, supra;* s*ee also Everhome Mortgage Co. v. Kilcoyne*, 8th Dist. Cuyahoga App. No. 96982, 2012-Ohio-593; *In the Matter of D.P.,* 10th Dist. Franklin App. Nos. 06AP-179, 06AP-180, 06AP-181, 2006-Ohio-5098 (trial court's judgment entries which incorporate by reference and attach copies of magistrate decisions do not constitute final appealable orders).

{¶7}    Thus, the trial court entry in this case is not a final appealable order because it fails to set forth the trial court's independent judgment of relief on all of the issues originally submitted to it. We **GRANT** appellant's motion to dismiss and **DISMISS** this appeal.

{¶8}    The clerk shall serve a copy of this order on all counsel of record and any unrepresented parties at their last known addresses by certified mail, return receipt requested. If returned unserved, the clerk shall serve the unrepresented parties by ordinary mail.

**MOTION GRANTED. APPEAL DISMISSED. IT IS SO ORDERED.**

McFarland, J. & Abele, J.:  Concur.

FOR THE COURT

_____
William H. Harsha
Administrative Judge