[Cite as *In re L.J.S.*, 2016-Ohio-8107.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

IN THE MATTER OF:              : CASE NO. 16CA8

    L.J.S.,                              :

    A minor child.                    : DECISION AND JUDGMENT ENTRY

                                            :
_____

APPEARANCES:

Keri E. Farley, Beavercreek, Ohio, for appellant.

Paul R. Panico and Adam S. Eliot, Columbus, Ohio, for appellee.

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 11-30-16
ABELE, J.

{¶ 1} This is an appeal from a Washington County Common Pleas Court, Juvenile Division, judgment that modified a magistrate's decision entered in an action that involves the parental rights and responsibilities of two-year-old L.J.S.

{¶ 2} Appellant Christopher Starcher assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT USED THE INCORRECT LEGAL
STANDARD IN AWARDING APPELLANT PARENTING TIME
PURSUANT TO THE COURT'S STANDARD PARENTING TIME
POLICY."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION

WHEN IT AWARDED APPELLANT PARENTING TIME PURSUANT TO THE COURT'S STANDARD PARENTING TIME POLICY."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION

WHEN IT AWARDED CUSTODY OF THE MINOR CHILD TO

APPELLEE."

{¶ 3} Appellant and appellee, Ashley Lynch, are the child's unmarried, biological parents. Following the child's birth, they lived together first in Pennsylvania, next in West Virginia, and then in Marietta, Ohio. In January 2015, the relationship soured. Appellee and the child left the familial home and moved seven hours away to Pennsylvania, where they lived with appellee's mother.

{¶ 4} In February 2015, appellant filed a petition that requested the court to, among other things, designate him the child's residential parent and legal custodian, or alternatively, to grant the parties shared parenting.[1]

{¶ 5} The magistrate subsequently held a hearing to consider appellant's petition, and, on September 9, 2015, designated appellee the child's residential parent and legal custodian. The magistrate additionally granted appellant parenting time on a rotating, two-week basis, until the child reaches "school age."

{¶ 6} Also on September 9, 2015, the magistrate established child support. The magistrate determined that until the child reaches "school age," appellant is entitled to a fifty percent downward deviation from the child support worksheet-calculated amount. The magistrate

---

[1] Appellant also requested the court to award him the federal and state tax exemption. Because the tax exemption issue is not relevant to this appeal, we do not include it in the explanation of facts.

found the downward deviation justified because the child would be living with appellant fifty percent of the time and ordered appellant to pay annual child support.

{¶ 7} On September 9, 2015, the trial court, in separate entries, adopted the magistrate's decisions. The court thus entered judgments that (1) designated appellee the child's residential parent and legal custodian; (2) granted appellant parenting time on a two-week, rotating basis until the child reaches school age; (3) granted appellant parenting time in accordance with the court's standard parenting time policy once the child reaches school age; and (4) ordered appellant to pay annual child support.         On December 23, 2015, appellee objected to the part of the magistrate's decision that granted appellant parenting time on a rotating, two-week basis.[2] She asked the court to modify the magistrate's decision and to (1) grant appellant parenting time in accordance with the court's standard parenting time policy, and (2) adjust the child support order.

{¶ 8} On March 11, 2016, the trial court sustained appellee's objection. The court determined that the magistrate's parenting time decision was "improper" when the magistrate awarded appellee "sole custody" and when "the parties live 7 hours apart." The court further observed:

> This Court, after much input from the local bar association, adopted a completely revised Standard Parenting Time Policy on May 1, 2013. The Court sees no reason to deviate from said policy in this case. If this were a shared parenting situation the court might consider a modification. However, given the great distance between the parties the Magistrate's order with respect to visitation would still be of concern to the Court even in a shared parenting situation given these facts.

{¶ 9} The court thus sustained appellee's objection and modified the magistrate's decision

---

[2] Although appellant did not file her objections within the fourteen-day period specified in Juv.R. 40(D)(3)(b)(i), she sought and received several extensions of time to file them.

regarding parenting time.[3]  In light of its decision to reduce appellant's parenting time from a nearly equal amount to the standard parenting time policy, the court also modified the magistrate's decision to deviate from the child support worksheet-calculated amount.  Consequently, the court ordered "into effect the following modifications:" (1) appellant shall have parenting time with the child in accordance with the court's standard parenting time standard; and (2) appellant shall pay annual child support in the amount of $7,636.83 when health insurance is available and $7,246.26 when health insurance is not available.   This appeal followed.

{¶ 10} Before we may review the merits of appellant's assignments of error, we first must determine whether we have jurisdiction to do so. Courts of appeals have jurisdiction to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."   Section 3(B)(2), Article IV, Ohio Constitution.   "As a result, '[i]t is well-established that an order [or judgment] must be final before it can be reviewed by an appellate court.  If an order [or judgment] is not final, then an appellate court has no jurisdiction.'"  *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007–Ohio–607, 861 N.E.2d 519, ¶14, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).   In the event that the parties involved in the appeal do not raise this jurisdictional issue, then the appellate court must *sua sponte* raise it.  *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; *Whitaker–Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d

---

[3]At first glance, it appears that the trial court operated under the belief that absent an award of joint custody, it did not possess the authority to deviate from the court's standard guideline visitation schedule.    However, a child's best interest is the primary factor that a court must consider when crafting an appropriate visitation schedule.    Also, that schedule may not necessarily mirror the court's standard visitation schedule.    Every case is composed of unique facts and circumstances and a court is vested with discretion to devise an appropriate visitation schedule in furtherance of the child's best interest.

922 (1972).

{¶ 11} Magistrate decisions in matters referred under Juv.R. 40 do not constitute final, appealable orders.  *See In re G.S.*, 4th Dist.  Pike No. 14CA852, 2015-Ohio-1285, ¶17; *see also State ex rel. Boddie v. Franklin Cty. 911 Admr.*, 135 Ohio St.3d 248, 2013-Ohio-401, 985 N.E.2d 1263, ¶2; *State v. Wheeler,* 2016-Ohio-2964, — N.E.3d — (2nd Dist.), ¶17.  Instead, a trial court retains ultimate responsibility over the matter and must enter a separate and independent judgment that sets forth the parties' rights and obligations with respect to the issues submitted to the court. *Burns v. Morgan*, 165 Ohio App.3d 694, 2006-Ohio-1213, 847 N.E.2d 1288 (4th Dist.), ¶9-10; *Yahraus v. Circleville*, 4th Dist. Pickaway No. 00CA04, 2000 WL 33226190 (Dec. 15, 2000), *3; *see* Juv.R. 40(D)(4)(e) (stating that "[a] court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order"); *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 215, 736 N.E.2d 101 (9th Dist. 2000) (stating that in order for a judgment to terminate a matter, it "must contain a statement of the relief that is being afforded the parties").

> "'The trial court must * * * enter its own independent judgment disposing of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined.  In other words, the judgment entry must be worded in such a manner that the parties can readily determine what is necessary to comply with the order of the court.'"

*Yahraus* at *3, quoting *Lavelle v. Cox*, 11th Dist. Trumbull No. 90–T–4396, 1991 WL 35642 (Mar. 15, 1991), *2 (Ford, J., concurring); *Burns* at ¶10.

{¶ 12} We recognize that a trial court need not issue an "encyclopedic" judgment entry, but the judgment entry must contain clear language to provide basic notice of the parties' rights, duties, and obligations.  *Downard v. Gilliland*, 4th Dist. Jackson No. 10CA2, 2011-Ohio-1783, 2011 WL

1378534, ¶11.

> "'[T]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court.'"

*Harkai,* 136 Ohio App.3d at 216, quoting *Walker v. Walker*, 9th Dist. Summit No. 12978, 1987 WL 15591 (Aug. 5, 1987), *2.

{¶ 13} Juv.R. 40(D)(4)(e)(i) allows a trial court to enter its judgment either before or after a party timely files objections, if any, to the magistrate's decision. If a party timely files objections after the court enters its judgment, the timely-filed objections "operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." *Id.*

{¶ 14} In the case at bar, on September 9, 2015, the trial court entered two judgments that adopted the magistrate's decisions regarding all of the issues originally submitted to the court. The court's judgments adequately set forth the relief granted to the parties.[4] When appellee filed her objection,[5] however, the trial court's judgments were automatically stayed until the court

---

[4] It is questionable, however, whether the trial court's September 9, 2015 child support order (and not simply the magistrate's decision) complies with *Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992). *See, e.g.,* R.C. 3119.22 (explaining that if the court deviates from the worksheet amount, "the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination"); *Hurte v. Hurte*, 164 Ohio App.3d 446, 2005-Ohio-5967, 842 N.E.2d 1058, 2005 WL 3006755, ¶¶ 25-27 (4th Dist.) (discussing requirements of trial court's judgment entry when court deviates from child support worksheet calculation). We nevertheless need not determine this issue in light of our determination that the trial court's March 11, 2016 decision is not a final, appealable order.

disposed of appellee's objection and vacated, modified, or adhered to its prior judgments.  *Id.*

{¶ 15} On March 11, 2016, the trial court sustained appellee's objection to the magistrate's decision and modified the magistrate's decision.  The court also "order[ed] into effect" certain modifications.  However, the March 11, 2016 judgment does not indicate whether the court vacated, modified or adhered to its prior judgments, as opposed to the magistrate's decision.  Thus, while the court ordered certain modifications "into effect," the court did not unambiguously define whether it modified solely the magistrate's decision or if it also modified the court's September 9, 2015 judgments.  Consequently, according to Juv.R. 40(D)(4)(e)(i), the conditions for lifting the automatic stay imposed upon the trial court's September 9, 2015 judgments have not been met.  Moreover, the court did not, in a single document, clearly define all of the parties' rights and obligations in light of the court's decision to sustain appellee's objection to the magistrate's decision and to modify the magistrate's decision.  As such, the court's March 11, 2016 order did not terminate the matter and, therefore, does not constitute a final, appealable order. *Frame v. Frame*, 5th Dist. Guernsey No. 08CA16, 2009-Ohio-2668, 2009 WL 1600995, ¶22 (determining that trial court's order ruling on objections to magistrate's decision not a final, appealable order when the court "did not vacate, modify or adhere to the judgment previously entered * * * which had approved the Magistrate's Decision and adopted the same").

{¶ 16} Accordingly, based upon the foregoing reasons, we dismiss this appeal.[6]

---

[5] We note that appellee did not file her objections within the fourteen day period permitted under Juv.R. 4(D)(3)(b)(i).   The trial court, however, granted her several continuances, which Juv.R. 4(D)(5) appears to permit.

[6]After the trial court issues a final, appealable order in this matter, in order to expedite the appellate process the parties may choose to rely upon their previously submitted appellate briefs.

APPEAL DISMISSED.

Harsha, J., concurring:

{¶ 17} I disagree with the principal opinion's conclusion that the trial court's use of "into effect" creates a final appealable order problem. But I do agree with its finding concerning a single document deficiency.

## JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.: Concurs in Judgment & Opinion
Harsha, J.: Concurs with Concurring Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.