[Cite as *State v. Gathright*, 2019-Ohio-3429.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| THOMAS GATHRIGHT, | : | Case No. 18 CA 29 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Guernsey County
                                  Municipal Court, Traffic Division,
                                  Case No. 2018TRD3465

JUDGMENT:                         Dismissed

DATE OF JUDGMENT:                 August 22, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

WILLIAM H. FERGUSON                       BRIAN A. SMITH
Law Director, City of Cambridge           755 White Pond Drive, Suite 403
150 Highland Avenue, Suite 2              Akron, Ohio 44320
Cambridge, Ohio 43725

*Baldwin, J.*

**{¶1}**   Thomas Gathright appeals the decision of the Cambridge Municipal Court finding him guilty of failure to control his vehicle, a violation of R.C. 4511.202, a minor misdemeanor.  Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

**{¶2}**   Appellant was delivering a truckload of sand to the site of a well on a rural road in Cambridge.  The trailer portion of the vehicle went off the road and spilled its contents.  Appellant was cited for failure to control, but contended that a defect in the road caused the trailer to tip and he was not responsible. The trial court disagreed, found him guilty and fined him $100.00 and charged him with court costs. The court also recorded two points against his driver's license.

**{¶3}**   Appellant drove his sand laden vehicle on Grape Hollow Road, traveling under the speed limit of fifteen miles per hour.  He maneuvered to the right, attempting to miss some pot holes, when the trailer began tipping and fell.  Once the trailer became unbalanced he was unable to regain control and it came to rest off the right side of the road in a ditch.

**{¶4}**   Trooper James Bullock of the Ohio State Highway Patrol responded to the scene and cited Appellant for failure to control, after hearing Appellant's explanation that it was a defect in the road and not inattentive driving that resulted in the loss of control.

**{¶5}**   Appellant entered a not guilty plea and the matter was tried.  Testimony was limited to Appellant and the Trooper.  Appellee offered twenty-six photographs of the accident scene. Appellant submitted a video of the event as it occurred as well as photographs of the road surface taken days later.

{¶6}   Appellant explained that he was driving approximately eleven miles per hour, under the speed limit, and he was driving on the right hand side of the road to avoid pot holes.  Grape Hollow Road is a two lane road with no edge markings, and appears to be in a rural area as seen on the video.  Appellant claims "the road gave just a little bit" shifted the weight of the trailer and causing it to tip into the ditch.  He claimed his "steer tires never left the road and that he was driving in a straight line when the defect in the road caused the problem."

{¶7}   Trooper Bullock agreed that Appellant told him "the back of his trailer started to get into the edge of the ditch line and then it just sucked him in. And once his load started to shift, I mean, he was just in for the ride." But the Trooper also concluded "there was nothing wrong with the road, he (Appellant) just got off too far at the edge of the ditch and gravity took over."

{¶8}   Appellant offered a video of the incident and, ironically, the magistrate concluded the video corroborated the Trooper's conclusion:

> most persuasively Defendant's Exhibit 3 ... that it is clear that this vehicle went to the right of the roadway and appeared to go a little too far over the right of the roadway and ends up off the roadway with damage to both the road itself, to the grass, and to the load of vehicle. The fact that a ditch off the side of the roadway is covered with grass doesn't eliminate the legal requirement for the operator of that vehicle to maintain reasonable control of the vehicle to keep the vehicle on the roadway.

{¶9}   The magistrate found the Appellant guilty and the trial court issued an "order judgment and journal entry" on the same day determining "there is no error of law or other

defect on the face of the Magistrates' Decision. The Court adopts the Decision of the Magistrate, approves and enters the same as a matter of record, and makes the same the order of the Court as if fully rewritten therein." Appellant filed objections. This court remanded the matter on two occasions for the court to rule on said objections. On November 5, 2018 and, after a remand, on February 19, 2019, the trial court issued a "Docket and Journal Entry" both containing the following language: "The Court has reviewed the file and adopts the ruling of the Magistrate. The Defendant's objection is hereby overruled. SO ORDERED."

{¶10} Appellant filed an amended notice of appeal on March 13, 2019 and now submits the following assignments of error:

{¶11} "I. APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

{¶12} "II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## STANDARD OF REVIEW

{¶13} While upon initial review the record, particularly the video and photographs submitted by the parties, in conjunction with the Trooper's testimony, appears to support a conclusion that the trial court did not abuse its discretion, and while the parties have not raised any jurisdictional issues, this Court is itself required to resolve the question of whether the trial court has rendered a final appealable order. *State ex rel. Wright v. Ohio Adult Parole Auth.* (1996), 75 Ohio St.3d 82, 84, 661 N.E.2d 728; *Whitaker-Merrell v. Geupel Co.* (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.

**{¶14}** In the case sub judice, the magistrate issued a decision finding Appellant guilty of a violation of R.C. 4511.202 and imposing a fine of $100.00 and costs, with $50.00 of the fine suspended. The bottom of the Magistrate's Decision contains the following text:

ORDER JUDGMENT AND JOURNAL ENTRY

The court determines that there is no error of law or other defect on

the face of the magistrate's decision. The court adopts the decision

of the magistrate approves and enters the same as a matter of record

and makes the same the order of the court as if fully rewritten herein.

SO ORDERED.

**{¶15}** Immediately below this language is a signature and the caption "JUDGE." The Appellant filed objections to the magistrate's decision on August 21, 2017 as well as a request for findings of fact and conclusions of law, and, on September 5, 2018 the magistrate issued findings of fact and conclusions of law. Appellant filed a notice of appeal on September 6, 2018 and we remanded the case so that the trial court could issue a ruling on the Appellant's objections. On November 5, 2018 the trial court issued a docket and journal entry with the following text:

**{¶16}** The court has reviewed the file and adopts the ruling of the magistrate.

**{¶17}** The defendant's objection is hereby overruled.

SO ORDERED.

**{¶18}** This court remanded the matter for a ruling on subsequent objections filed by Appellant and, on February 19, 2019, the trial court issued an entry with language identical to that contained in the November 5, 2018 entry.

**{¶19}** None of the entries completed by the trial judge comply with Crim. R. 32(C) which requires that:

> A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

**{¶20}** Instead the trial court simply incorporated the magistrate's decision by reference, resulting in an incomplete judgment and the lack of a final appealable order.

> Although the judge entirely agrees with the decision of the magistrate, the judge must still separately enter his or her own judgment setting forth the outcome of the dispute and the remedy provided. See, e.g., *Wellborn v. K–Beck Furniture Mart,* Inc. (1977), 54 Ohio App.2d 65, 66, 8 O.O.3d 93, 94, 375 N.E.2d 61, 62; Pace v. Pace (Oct. 8, 1996), Gallia App. No. 95 CA 17, unreported, 1996 WL 595846. The judge is not permitted to conclude the case by simply referring to the magistrate's decision, even though it may appear more expedient to do so.

*Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 218, 736 N.E.2d 101, 106 (9th Dist.2000).

**{¶21}** The mere adoption or approval of a magistrate's decision does not constitute a final appealable order. *In re Castrovince* (Aug. 16, 1996), 11th Dist. No. 96-P-0175, 1996 WL 1056815, at 1. The magistrate's decision and the trial court's judgment

must be "separate and distinct instruments which are complete and independent of each other." *Id.* In re Curie, 11th Dist. Ashtabula No. 2007-A-0024, 2007-Ohio-2052, ¶¶ 3-4.

**{¶22}** The trial court must enter a separate judgment that sets forth the grounds for relief, that includes the outcome of the dispute and the remedy provided, even if it chooses to adopt the magistrate's decision. The trial court's entry must contain "its own independent judgment disposing of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined." *Burns v. Morgan*, 165 Ohio App.3d 694, 2006–Ohio–1213, 847 N.E.2d 1288, ¶ 10 (4th Dist.). McCoy v. Sullivan, 4th Dist. Scioto No. 16CA3739, 2016-Ohio-3054, ¶¶ 4-5.

**{¶23}** The reason for this is that orders are not court orders unless certain formalities are met and only judges, not magistrates, may terminate claims or actions by entering judgment. *Harkai, supra* at 217, 218.

**{¶24}** We recognize that many of the aforementioned cases involve civil matters and the application of Civ.R. 54, while the case at bar is subject to Crim.R. 19. However, the material language of both Rules is identical and the only difference supports our conclusion. That difference, located in Criminal Rule 19(D)(4)(b), states that "No sentence recommended by a magistrate shall be enforced until the court has entered judgment" corroborating the precedent cited above mandating that the trial judge must enter a separate "judgment" to conclude the case and provide a final appealable order. That judgement must "set forth the plea, the verdict or findings, and the sentence" and "[t]he judge shall sign the judgment and the clerk shall enter it on the journal." Crim.R. 32(C). The entries in this case do not satisfy these requirements.

**{¶25}** We are cognizant that this may seem to be placing form over substance especially in the context of this traffic matter. However, the Rules and the precedent are clear and we cannot vary them for the convenience of the parties or the courts. Because the entries in this matter issued by the trial court adopt the magistrate's decision without issuing a separate, independent judgment, the record contains no final appealable order for our consideration. This appeal is dismissed for lack of a final appealable order.

By: Baldwin, J.

Wise, John, P.J. and

Wise, Earle, J. concur.