[Cite as *Frabott v. Swaney*, 2013-Ohio-3354.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CURTIS FRABOTT | JUDGES:<br>Hon. William B. Hoffman, P. J. |
|     Plaintiff-Appellant | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 13 CAE 05 0047 |
| SHEREE D. SWANEY, et al. | |
|     Defendants-Appellees | O P I N I O N |



CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Case No. 10 CVE 09 1302


JUDGMENT:    Dismissed


DATE OF JUDGMENT ENTRY:    July 30, 2013


APPEARANCES:

For Plaintiff-Appellant

DAVE LACKEY
SCHERNER & SYBERT
153 South Liberty Street
Powell, Ohio  43065

For Defendants-Appellees

JAMES D. GILBERT
425 Metro Place North
Suite 460
Dublin, Ohio  43017

*Wise, J.*

**{¶1}**　This is an appeal by Plaintiff-Appellant Curtis Frabott from the April 22, 2013, Judgment Entry of the Delaware County Common Pleas Court granting Defendants-Appellees Sheree D. Swaney and William Swaney's motion for reconsideration.

**{¶2}**　This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

**{¶3}**　"(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

**{¶4}**　This appeal shall be considered in accordance with the aforementioned rule.

### STATEMENT OF THE FACTS AND CASE

**{¶5}**　The relevant facts are as follows:

**{¶6}**　This case originally involved construction work by Appellant Frabott at the home of Appellees Sheree and William Swaney. A dispute arose during the construction, causing construction on the project to terminate. Frabott recorded a Mechanics' Lien against the property and initiated an action for foreclosure, breach of contract and unjust enrichment. The Swaneys filed an Answer and Counterclaim alleging they were damaged.

**{¶7}**　A bench trial was held on December 13 and 14, 2011.

{¶8} By Judgment Entry filed January 10, 2012, the trial court found in favor of Frabott and against the Swaneys for $518.16 and costs. The trial court also declared Frabott's mechanics' lien was void.

{¶9} Neither party appealed the January 10, 2012, judgment.

{¶10} On January 27, 2012, Appellant Frabott filed a Motion for Reconsideration.

{¶11} On February 10, 2012, Appellees filed their response to Appellant's Motion for Reconsideration, which also raised their own specific requests for Motion for Reconsideration.

{¶12} By Judgment Entry filed April 22, 2013, the trial court ruled on the motions for reconsideration, reversing its prior entry and rendering judgment in favor of the Swaneys and against Frabott in the amount of $5,481.84.

{¶13} Appellant Frabott now appeals, assigning the following errors for review:

**ASSIGNMENT OF ERROR**

{¶14} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT RULED UPON MOTIONS FOR RECONSIDERATION AFTER A FINAL JUDGMENT HAD BEEN RENDERED IN THE CASE."

**I.**

{¶15} In his sole Assignment of Error, Appellant argues that the trial court erred in ruling on the motions for reconsideration after a final judgment had been made in this case.

{¶16} Before we reach the merits of Appellant's Assignment of Error, this Court must first consider its jurisdiction to hear the present appeal.

**{¶17}** Initially, we must address the threshold issue of whether the judgment entry appealed is a final, appealable order. Generally, motions for reconsideration to a trial court are only permissible to obtain relief from a non-final order. *See McGee v. Lynch,* Erie App.No. E–06–063, 2007–Ohio–3954, ¶ 27. The Ohio Civil Rules do not provide for motions for reconsideration after a final judgment. Therefore such a motion is considered a nullity. *Pitts v. Dept. of Transportation* (1981), 67 Ohio St.2d 378, 423 N.E.2d 1105.

**{¶18}** The foremost issue at this juncture is therefore to determine whether the trial court's January 10, 2012, Judgment Entry constituted a final appealable order.

**{¶19}** Appellate courts have no "jurisdiction to review an order that is not final and appealable." *Oakley v. Citizens Bank of Logan,* 4th Dist. No. 04CA25, 2004–Ohio–6824, ¶ 6; citing Section 3(B)(2), Article IV of the Ohio Constitution; *General Acc. Ins. Co. v. Ins. Co. of N. America,* 44 Ohio St.3d 17, 540 N.E.2d 266 (1989); *Noble v. Colwell,* 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989). Further, "[a] trial court's finding that its judgment is a final appealable order is not binding upon this court." *In re Nichols,* 4th Dist. No. 03CA41, 2004–Ohio–2026, ¶ 6; citing *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.,* 87 Ohio App.3d 840, 843, 623 N.E.2d 232, fn. 4 (1993); citing *Pickens v. Pickens,* 4th Dist. No. 459, 1992 WL 209498 (Aug. 27, 1992). This court has "no choice but to *sua sponte* dismiss an appeal that is not from a final appealable order." *Id.* at ¶ 6, citing *Whitaker–Merrell Co. v. Geupel Constr. Co.,* 29 Ohio St.2d 184, 280 N.E.2d 922 (1972).

**{¶20}** To be appealable, an order must be a final order, within the meaning of R.C. §2505.02.

**{¶21}** "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[ .]" R.C. §2505.02(B). "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.,* 27 Ohio St.2d 303, 306, 272 N.E.2d 127 (1971). An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." *Noble* at syllabus.

**{¶22}** In this case, we find the trial court's January 10, 2012, entry disposes of the entire case.

**{¶23}** Appellees herein argue the 2012 Judgment Entry was not a final, appealable order because Appellant requested attorney fees in his Complaint, and the 2012 Entry did not address fees or dispose of the issue.

**{¶24}** The Supreme Court of Ohio has held that " '[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim * * * is not a final, appealable order.' " *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.,* 116 Ohio St.3d 335, 2007–Ohio–6439, 879 N.E.2d 187, paragraph two of the syllabus. However, in this case, we find that the attorney fee request was made pursuant to R.C. §1311.16, the fee request was overruled sub silento when the trial court declared the mechanics lien void and of no real effect.

**{¶25}** Appellees also argue the 2012 Judgment Entry fails to state that it is the final judgment in this matter.

**{¶26}** 'An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of [both] R.C. §2505.02 and Civ.R. 54(B) in order to be final and appealable.' " *Reagan v. Ranger Transp.,* 104 Ohio App.3d 15, 17, 660 N.E.2d 1234 (11th Dist.1995), quoting *Noble v. Colwell,* 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).

**{¶27}** As stated above, we find that the 2012 Judgment Entry did dispose of all claims, rendering Civ.R. 54(B) inapplicable in the instant case.

**{¶28}** Based on the foregoing, we find that the January 10, 2012, Judgment Entry was a final, appealable order. As stated above, the Ohio Civil Rules do not provide for motions for reconsideration after a final judgment, therefore the motions for reconsideration filed in this case were nullity. *Pitts v. Dept. of Transportation*, *supra*. It follows that a judgment entered on a motion for reconsideration is also a nullity and a party cannot appeal from such a judgment. *Kauder v. Kauder* (1974), 38 Ohio St.2d 265, 313 N.E.2d 797; *George v. Parker* (Sept. 10, 1999), Fairfield App. No. 99CA3.

**{¶29}** This appeal of the judgment of the Court of Common Pleas of Delaware County, Ohio, is dismissed for lack of jurisdiction.

By: Wise, J.

Farmer, J., concurs.

Hoffman, P. J., concurs in part and dissents in part.

s/s/ John W. Wise
HON. JOHN W. WISE

s/s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

s/s/ Sheila G. Farmer
HON. SHEILA G. FARMER

JWW/d 0718

*Hoffman, P.J., concurring in part and dissenting in part*

**{¶30}** I concur in the majority's conclusion the January 10, 2012 Judgment Entry was a final appealable order. I further concur with the majority a motion for reconsideration of a final appealable order is a nullity.

**{¶31}** My disagreement lies in the majority's conclusion the trial court's granting of a null motion for reconsideration is also a nullity from which no appeal lies. While I agree the trial court erred in considering the motions for reconsideration, nevertheless it entered judgment thereon. To say no appeal can be taken and order dismissal of the appeal arguably leaves the parties in limbo as to which entry is enforceable.

**{¶32}** I suggest the better alternative would be to vacate the trial court's April 22, 2013 Judgment Entry, thereby effectively reinstating the January 10, 2012 Judgment Entry as the final order of the trial court.

s/s William B. Hoffman
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CURTIS FRABOTT                          :
                                        :
    Plaintiff-Appellant             :
                                        :
-vs-                                    :               JUDGMENT ENTRY
                                        :
SHEREE D. SWANEY, et al.                :
                                        :
    Defendants-Appellees            :               Case No. 13 CAE 05 0047


       For the reasons stated in our accompanying Memorandum-Opinion, the appeal of judgment of the Court of Common Pleas of Delaware County, Ohio, is dismissed.

       Costs assessed to Appellant.


s/s/ John W. Wise
HON. JOHN W. WISE

s/s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

s/s/ Sheila G. Farmer
HON. SHEILA G. FARMER