[Cite as *Bringman v. Bringman*, 2016-Ohio-7514.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| WILLIAM P. BRINGMAN | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 16CA01 |
| | : | |
| BARBARA J. BRINGMAN | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Knox County Court of
Common Pleas, Domestic Relations
Division, Case No. 13DV02-0038


JUDGMENT:                    REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:      October 27, 2016


APPEARANCES:

For Plaintiff-Appellant:              For Defendant-Appellee:

WILLIAM BRINGMAN, PRO SE
13 East College St.
Fredericktown, OH 43019-1192

*Delaney, J.*

{¶1} Plaintiff-Appellant William P. Bringman appeals the judgment entries of the Knox County Court of Common Pleas, Domestic Relations Division, filed on January 5, 2016.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Plaintiff-Appellant William P. Bringman ("Husband") and Defendant-Appellee Barbara J. Bringman ("Wife") were married on October 15, 1977. Husband filed a complaint for divorce without children on February 28, 2013. Wife, represented by counsel, filed an answer to the complaint on March 28, 2013.

{¶3} The trial court granted Wife's counsel leave to withdraw on July 22, 2013.

{¶4} The matter was set for trial on November 25, 2013. The trial was continued to April 17, 2014.

{¶5} The trial on Husband's complaint for divorce went forward on April 17, 2014. Wife did not appear for trial.

{¶6} On April 17, 2014, the trial court issued a "Judgment Entry, Decree of Divorce." In the entry, the trial court ordered that the marital residence and marital household goods were to be sold at public auction, "over which sale the court retains jurisdiction for purposes of this decree." (Judgment Entry, Decree of Divorce, April 17, 2014). The proceeds of the sale were to satisfy the marital indebtedness, including additional 2012 income taxes. The trial court held, "[i]f there is no such deficiency owed or there is an excess of said proceeds left after the satisfaction of said deficiency, said amount is awarded to Defendant free and clear of any claims of Plaintiff." (Judgment Entry, Decree of Divorce, April 17, 2014). The trial court did not award spousal support

and did not retain jurisdiction over that issue. The trial court did not include Civ.R. 54(B) language designating the judgment entry a final appealable order. Husband and Wife did not appeal the April 17, 2014 judgment entry.

{¶7}   After the judgment entry of divorce, the trial court issued numerous post decree orders regarding the sale of the marital home at auction. The trial court found Wife was not complying with the orders of the court as to the auction of the marital home. The marital home and contents were sold at auction on April 25, 2015.

{¶8}   On July 13, 2015, the trial court issued a post decree ordering finding that because the marital home and contents were sold, it was necessary for the trial court "to make an equitable distribution of the net marital assets and pursuant to that effort the final decree values thereof need to be determined." (Post Decree Order, July 13, 2015). A hearing was set for August 14, 2015 for the purpose of distributing the proceeds from the sale of the marital home.

{¶9}   At the hearing, attorneys Steven McCann and Clinton Bailey appeared on behalf of Wife. They informed the trial court that pursuant to the orders of the Knox County Court of Common Pleas, Probate Division, McCann was serving as Wife's court appointed guardian of her person and estate and Bailey was Wife's court appointed attorney. Wife was declared incompetent on August 11, 2015. Bailey filed a notice of appearance on September 25, 2015.

{¶10} The trial court issued its judgment entry on August 17, 2015. The judgment entry stated in pertinent part:

Based upon their recent appointment to assist [Wife]. Mr. Mc[C]ann and Mr.

Bailey also requested time to review the history of this action before the

Court disposes of the case. The parties agreed that a full resolution of a disbursement of the Home Funds, as well as the remainder of the marital assets to be disbursed, and a final resolution of this action shall be set for hearing on September 28, 2015, at 1:00 pm.

\* \* \*

4. Mr. Mc[C]ann and Mr. Bailey shall have until the time of the hearing on September 28, 2015, to review the case file and take any further action with respect to this matter as they deem appropriate based upon their review.

{¶11} The trial court continued the September 28, 2015 hearing to October 14, 2015.

{¶12} On October 13, 2015, court-appointed counsel for Wife filed a motion for reconsideration pursuant to Civ.R. 54(B) or in the alternative, Civ.R. 60(B)(5). Wife requested the trial court reconsider its determination of the marital and separate property. Wife asked the trial court to determine whether mortgage payments upon what Husband claimed to be separate property should have been counted as marital property. Wife claimed that upon investigation, it was determined that Husband made mortgage payments during the marriage in the amount of $476,936.99.

{¶13} The trial court issued a judgment entry on October 14, 2015 stating that while the matter was before the court for finalization of the divorce case, Wife filed a motion for reconsideration. The trial court gave Husband time to respond to the motion and ordered the parties to mediation.

{¶14} Husband filed a motion to dismiss and a response to the motion for reconsideration.

{¶15} On November 25, 2015, counsel filed a motion to substitute McCann, as guardian of the person and estate of Wife, as the defendant in the divorce case.

{¶16} On January 5, 2016, the trial court granted the motion for substitution. The trial court also granted Wife's motion for reconsideration. The trial court found the April 17, 2014 judgment entry was not a final order and therefore the court could reconsider matters brought the trial court's attention as ordered in the August 17, 2015 judgment entry.

{¶17} Husband filed a notice of appeal of the judgment entries on January 25, 2016.

{¶18} The Fifth District Court of Appeals was notified that Wife passed away on March 23, 2016. Court-appointed counsel for Wife filed a notice of death and suggestion of stay with this Court on April 13, 2016. Counsel filed a motion to withdraw on May 19, 2016. On June 1, 2016, we granted the motion to withdraw. The matter now proceeds on appeal.

## ASSIGNMENTS OF ERROR

{¶19} Husband raises two Assignments of Error:

{¶20} "I. THE TRIAL COURT ERRED IN RENDERING ITS JUDGMENT OF JANUARY 5, 2016 PERTAINING TO THE SUBSTITUTION OF PARTIES.

{¶21} "II. THE TRIAL COURT ERRED IN RENDERING ITS JUDGMENT ENTRY OF JANUARY 5, 2016 PERTAINING TO THE MOTION FOR RECONSIDERATION."

## ANALYSIS

### Was the April 17, 2014 Judgment Entry of Divorce a Final Order?

{¶22} We must first address the threshold issue of whether the judgment entry appealed is a final, appealable order. Generally, motions for reconsideration to a trial court are only permissible to obtain relief from a non-final order. *Frabott v. Swaney*, 5th Dist. Delaware No. 13 CAE 05 0047, 2013-Ohio-3354, ¶ 17 citing *McGee v. Lynch*, 6th Dist. Erie No. E–06–063, 2007–Ohio–3954, ¶ 27. The Ohio Civil Rules do not provide for motions for reconsideration after a final judgment. *Id.* Therefore, such a motion is considered a nullity. *Pitts v. Dept. of Transportation*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981).

{¶23} Wife filed a motion for reconsideration of the April 17, 2014 judgment entry of divorce. The issue is whether the April 17, 2014 judgment entry of divorce was a final order.

{¶24} Appellate courts have no "jurisdiction to review an order that is not final and appealable." *Oakley v. Citizens Bank of Logan*, 4th Dist. No. 04CA25, 2004–Ohio–6824, ¶ 6; citing Section 3(B)(2), Article IV of the Ohio Constitution; *General Acc. Ins. Co. v. Ins. Co. of N. America*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989); *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989). Further, "[a] trial court's finding that its judgment is a final appealable order is not binding upon this court." *In re Nichols*, 4th Dist. No. 03CA41, 2004–Ohio–2026, ¶ 6; citing *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.*, 87 Ohio App.3d 840, 843, 623 N.E.2d 232, fn. 4 (1993); citing *Pickens v. Pickens*, 4th Dist. No. 459, 1992 WL 209498 (Aug. 27, 1992). This court has "no choice but to sua

sponte dismiss an appeal that is not from a final appealable order." *Id.* at ¶ 6, citing *Whitaker–Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 280 N.E.2d 922 (1972).

{¶25} To be appealable, an order must be a final order, within the meaning of R.C. 2505.02. "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[ .]" R.C. 2505.02(B). "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306, 272 N.E.2d 127 (1971). An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." *Noble* at syllabus.

{¶26} In *Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, ¶ 15, the Supreme Court outlined the requirements of a final order in divorce proceedings:

> Civ.R. 75(F) prohibits a trial court from entering a final judgment unless (1) the judgment divides the parties' property, determines the appropriateness of an order of spousal support, and allocates parental rights and responsibilities, including the payment of child support, or (2) the judgment states that there is no just reason for delay and that the court lacks jurisdiction to determine any issues that remain.

*Bibbee v. Bibbee*, 4th Dist. Athens No. 15CA38, 2016-Ohio-5188, ¶ 22.

{¶27} Until a domestic relations court has fully disposed of all marital property and separate property, the judgment entry of divorce is not final and is necessarily subject to

modification or reconsideration. *Bencin v. Bencin*, 9th Dist. Medina No. 14CA00063-M, 2016-Ohio-54, ¶ 8 citing Civ.R. 75(F); *See also Bibbee v. Bibbee*, 4th Dist. Athens No. 15CA38, 2016-Ohio-5188, ¶ 22. Further, a trial court must value the parties' property before distributing it. *Bibbee*, 2016-Ohio-5188 at ¶ 24.

{¶28} A review of the record in this case shows the April 17, 2014 judgment entry was a final order pursuant to Civ.R. 75(F). In the judgment entry of divorce, the trial court disposed of the marital and separate property. It ordered the sale of the marital home and contents at auction where the proceeds of the sale were to be used to satisfy the marital indebtedness, including additional 2012 income taxes. The trial court held, "[i]f there is no such deficiency owed or there is an excess of said proceeds left after the satisfaction of said deficiency, said amount is awarded to Defendant free and clear of any claims of Plaintiff." (Judgment Entry, Decree of Divorce, April 17, 2014). The judgment entry stated the trial court retained jurisdiction of the sale of the marital home and its contents.

{¶29} A review of the judgment entry of divorce shows that the trial court disposed of all marital and separate property. The sale of the martial home and its contents was ordered to effectuate the distribution of the marital assets. Accordingly, pursuant to Civ.R. 75(F), the April 17, 2014 judgment entry of divorce was a final order.

### The Trial Court Should Have Considered Civ.R. 60(B)

{¶30} In her October 13, 2015 motion for reconsideration, Wife argued the trial court should vacate the April 17, 2014 judgment entry pursuant to Civ.R. 54(B), or in the alternative, Civ.R. 60(B)(5). The trial court considered Wife's motion under Civ.R. 54(B) because it determined the April 17, 2014 judgment entry of divorce was not a final order.

Husband argues in his second Assignment of Error that the trial court erred in granting the motion for reconsideration. We agree in part.

{¶31} As stated above, we find the April 17, 2014 judgment entry of divorce was a final order. Civ.R. 60(B), by its own terms, applies only to a final judgment, order, or proceeding. *Faraj v. Qasem*, 8th Dist. Cuyahoga No. 103374, 2016-Ohio-3261, ¶ 7. The Civil Rule states, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding * * *." Ohio Civ.R. 60. Accordingly, the trial court should have considered Wife's alternative argument that the trial court should vacate the April 17, 2014 judgment entry of divorce pursuant to Civ.R. 60(B).

{¶32} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A failure to establish any one of the three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 391, 474 N.E.2d 328 (1984).

{¶33} Wife argued the trial court should vacate the judgment pursuant to Civ.R. 60(B)(5). Civ.R. 60(B)(5) allows the trial court to relieve a party from a final judgment for "any other reason justifying relief from the judgment." Civ.R. 60(B)(5) operates as a catch-all provision and "reflects 'the inherent power of a court to relieve a person from the unjust operation of a judgment.' " *Maggiore v. Barensfeld*, 5th Dist. Stark No. 2011CA00180,

2012–Ohio–2909, ¶ 35 citing *Dutton v. Potroos*, 5th Dist. Stark No. 2010CA00318, 2011–Ohio–3646, at ¶ 49. It is reserved for "extraordinary and unusual case[s]," *Myers v. Myers*, 9th Dist. Summit No. 22393, 2005–Ohio–3800, at ¶ 14, and "is not a substitute for the enumerated grounds for relief from judgment[.]" *Id.*

{¶34} We sustain in part Husband's second Assignment of Error that the trial court erred in granting the motion for reconsideration because the April 17, 2014 judgment entry of divorce was a final order. The January 5, 2016 judgment entry granting the motion for reconsideration is vacated. However, because Wife raised the issue of Civ.R. 60(B) to the trial court, we overrule in part Husband's second Assignment of Error and remand the matter to the trial court to consider the October 13, 2015 motion as a motion for relief from judgment.

**The Motion for Substitution is Moot**

{¶35} Husband argues in his first Assignment of Error that the trial court erred in granting Wife's motion for substitution.

{¶36} On November 25, 2015, counsel filed a motion to substitute McCann, as guardian of the person and estate of Wife, as the defendant in the divorce case. On January 5, 2016, the trial court granted the motion for substitution.

{¶37} This Court was notified that Wife passed away on March 23, 2016. Upon Wife's passing, her court-appointed attorney moved to withdraw from representing Wife in the appeal. We granted the motion. There has been no further information provided to this Court as to the status of the underlying proceedings in the Knox County Court of Common Pleas, Domestic Relations Division, based on Wife's death.

{¶38} Accordingly, based on Wife's death, we find Husband's Assignment of Error as to the motion for substitution to be moot.

## CONCLUSION

{¶39} Plaintiff-Appellant's appeal of the January 5, 2016 judgment entries of the Knox County Court of Common Pleas, Domestic Relations Division is reversed and the matter remanded for further proceedings consistent with this Opinion and law.

By:  Delaney, J.,

Gwin, P.J. and

Wise, J., concur.