[Cite as *Bringman v. McGann*, 2020-Ohio-1213.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| WILLIAM PAUL BRINGMAN, et al. | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiffs-Appellants | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case No. 19 CA 000032 |
| STEVEN CHRISTOPHER MCGANN,<br>et al. | |
| | O P I N I O N |
| Defendants-Appellees | |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Probate Division, Case No.  2016-
                             1217 B


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 27, 2020


APPEARANCES:

For Plaintiffs-Appellants              For Defendants-Appellees

WILLIAM PAUL BRINGMAN
7100 North High Street
Suite 101
Worthington, Ohio  43085-2316

*Wise, John, P. J.*

{¶1}   Appellant William Paul Bringman appeals the decision of the Knox County Court of Common Pleas, Probate Division, which denied his "complaint for interpleader" regarding the estate of Barbara J. Bringman, deceased. The relevant facts leading to this appeal are as follows.

{¶2}   On September 13, 2016, Appellee Steven McGann, a Columbus attorney, filed an application in the Knox County Probate Court (probate case number 2016-1217) requesting authority to administer the estate of Barbara J. Bringman, decedent. The application stated that to the best of Attorney McGann's knowledge, Barbara had not left a will.

{¶3}   A hearing on Attorney McGann's application was thereupon scheduled for a hearing at the Knox County Probate Court on October 26, 2016 at 10:00 AM. However, about one hour before the aforesaid hearing, Appellant William Paul Bringman, a Worthington attorney and the decedent's ex-husband, filed a written objection and motion to deny the appointment of Attorney McGann, essentially asserting that Knox County lacked jurisdiction over the estate. Attached to the motion was a copy of an entry from the Franklin County Probate Court, dated October 24, 2016, naming Attorney Bringman (executor under Barbara's will) as the fiduciary for the estate of Barbara J. Bringman under Franklin County Probate Case No. 581473.[1]

{¶4}   A hearing was conducted on December 1, 2016 in the Knox County Probate Court. On January 23, 2017, the trial court issued a judgment entry ordering that the

---

[1]  The Franklin County Probate Court vacated appellant's appointment as executor on November 4, 2016. See *In the Matter of the Estate of Barbara Jean Bringman*, 5th Dist. Knox No. 17CA1, 2017–Ohio–7083, f.n. 1.

administration of Barbara's estate would proceed in Knox County under case number 2016-1217. The court also therein requested that the Franklin County Probate Court forward certified copies of Barbara's will and the entry admitting the will. The court also stated in the entry that the will would be administered as a foreign document.

{¶5} On February 21, 2017, Attorney Bringman appealed to this Court, challenging the probate court's determination that jurisdiction would lie in Knox County, as opposed to Franklin County. We affirmed the probate court's decision on August 2, 2017. *See In the Matter of the Estate of Barbara Jean Bringman*, 5th Dist. Knox No. 17CA1, 2017–Ohio–7083 ("*Estate of Bringman I*").

{¶6} Thereafter, on September 7, 2017, the probate court held a hearing on the application of Attorney Steven McGann to be appointed administrator, with will annexed, of Barbara's estate. The court also heard arguments on a "protective application" for appointment as executor filed by appellant.

{¶7} Via a judgment entry issued on October 26, 2017, the probate court denied the application of appellant and granted Attorney McGann's application to administer the estate.

{¶8} Appellant thereafter unsuccessfully appealed to this Court. *See In the Matter of the Estate of Barbara Jean Bringman*, 5th Dist. Knox No. 17 CA 21, 2018-Ohio-1906 ("*Estate of Bringman II*").

{¶9} On May 17, 2019, appellant filed a "complaint for interpleader and declaratory relief and judgment" in Knox County Probate Court (case number 2016-2017 B). In essence, appellant sought a declaration that he is the "heir-at-law of Barbara Jean Bringman." He named as defendants (1) Attorney Steven McGann, as administrator of

the estate of Barbara J. Bringman, (2) Craig Wallace Bringman, and (3) Andrea Lea Weller.[2] On July 26, 2019, appellant filed a motion for default judgment.

{¶10} The trial court, on August 9, 2019, on its motion and without conducting a hearing, issued a judgment entry dismissing appellant's complaint and denying his request for default judgment.

{¶11} On September 4, 2019, appellant filed a notice of appeal. He herein raises the following seven Assignments of Error:

{¶12} "I.  THE TRIAL COURT ERRED IN *SUA SPONTE,* OR ON ITS OWN MOTION, DISMISSED [SIC] THE COMPLAINT HEREIN.

{¶13} "II.  THE TRIAL COURT ERRED IN *SUA SPONTE,* OR ON ITS OWN MOTION, DENIED [SIC] APPELLANT, WILLIAM PAUL BRINGMAN'S, MOTION FOR JUDGMENT BY DEFAULT.

{¶14} "III.  THE TRIAL COURT ERRED IN *SUA SPONTE,* OR ON ITS OWN MOTION, DENIED [SIC] APPELLANT, WILLIAM PAUL BRINGMAN'S, MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶15} "IV.  THE TRIAL COURT ERRED IN APPLYING THE DOCTRINE OF *RES JUDICATA* IN THE RENDITION OF ITS JUDGMENT HEREIN.

{¶16} "V.  THE TRIAL COURT ERRED IN ASSERTING THE AFFIRMATIVE DEFENSE OF *RES JUDICATA* HEREIN.

---

[2]  Craig and Andrea were described in the complaint simply as "the known parties who may have an interest in the estate." Appellant presently asserts they are beneficiaries under Barbara's will.

**{¶17}** "VI. THE TRIAL COURT ERRED IN FINDING THAT APPELLANT, WILLIAM PAUL BRINGMAN, IS NOT THE SURVIVING SPOUSE OF THE DECEDENT, BARBARA JEAN BRINGMAN.

**{¶18}** "VII. THE TRIAL COURT ERRED IN FINDING THAT THE ISSUE OF WHETHER APPELLANT, WILLIAM PAUL BRINGMAN, IS THE SURVIVING SPOUSE OF BARBARA JEAN BRINGMAN WILL NOT BE RE-LITIGATED."

I., II., III., IV., V., VI, VII.

**{¶19}** In his seven Assignments of Error, which he does not separately present as required by App.R. 16(A)(7), appellant contends on various grounds that the probate court denied his complaint seeking to be recognized as Barbara's heir at law.

**{¶20}** The apparent linchpin of appellant's present argument is what occurred in the divorce case in the Knox County Domestic Relations Court following our remand in an earlier appeal heard in this Court, *Bringman v. Bringman*, 5th Dist. Knox No. 16CA01, 2016–Ohio–7514. In that case, after Barbara and appellant were divorced on April 17, 2014, Attorney McGann, as Barbara's guardian, filed a motion for reconsideration of the marital property division pursuant to Civ.R. 54(B), or in the alternative, Civ.R. 60(B)(5), on October 13, 2015. The domestic relations court filed a judgment entry granting reconsideration on January 5, 2016. Appellant filed an appeal from that decision. Subsequently, on March 23, 2016, Barbara died.

**{¶21}** On appeal, this Court reversed and remanded the matter for further proceedings. *See Bringman v. Bringman*, 5th Dist. Knox No. 16CA01, 2016-Ohio-7514, ¶ 39. In our decision, issued October 27, 2016, we specifically found that "the April 17, 2014 judgment entry of divorce was a final order." *Id.* at ¶ 29.

**{¶22}** According to appellant, on March 5, 2017, following this Court's aforesaid *Bringman v. Bringman* decision, the Knox County Domestic Relations Court issued a "dismissal" of the divorce case, despite our remand directive. In essence, appellant now contends that this series of events has returned him to the status of Barbara's surviving spouse, entitling him to proceed as the executor of her estate in the probate court.

**{¶23}** However, a trial court can only vacate a final judgment on its own initiative for clerical errors in judgments, orders, or other parts of the record and "errors therein arising from oversight or omission." *Fredebaugh Well Drilling, Inc. v. Brower Contracting*, 11th Dist. Ashtabula No. 2004-A-0061, 2005-Ohio-6084, ¶ 8, citing Civ.R. 60(A). The full "dismissal" of the final divorce by the domestic relations court following *Bringman v. Bringman* was in contravention of our remand therein directed solely for review of property division. Moreover, this Court has already rejected appellant's claim on appeal that he is the surviving spouse of the decedent and thereby has standing to be appointed the executor. *See Estate of Bringman II* at ¶ 32. Notably, said decision was rendered on May 14, 2018, *after* the domestic relations court's dismissal of the divorce of March 5, 2017. Thus, there are no new procedural facts to herein consider, and the law of the case doctrine bars any revisiting of the question of appellant's legal relationship to his deceased former spouse. This doctrine may be raised *sua sponte* on appeal, as it "reflects a strong public policy to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts." *HealthSouth Corp. v. Testa*, 132 Ohio St.3d 55, 2012-Ohio-1871, 969 N.E.2d 232, f.n. 2 (internal quotations and additional citations omitted).

**{¶24}** Appellant's Assignments of Error are therefore overruled.

**{¶25}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Probate Division, Knox County, Ohio, is affirmed.

By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/d 0317