[Cite as *Downard v. Gilliland*, 2011-Ohio-1783.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

SHERI DOWNARD,                          :

    Plaintiff-Appellee,                 :        Case No.   10CA2

    vs.                                 :

DANNY GILLILAND,                        :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Marie Moraleja Hoover and R. Tracy Hoover, 621 7th
                            Street, Portsmouth, Ohio 45662

COUNSEL FOR APPELLEE:       William S. Cole, 227 East Main Street, Jackson, Ohio
                            45640
_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-30-11

ABELE, J.

{¶ 1}   This is an appeal from a Jackson County Common Pleas Court "judgment" that

(1) ordered Danny Gilliland, defendant below and appellant herein, to convey a one-half interest

in certain real estate to Sheri Downard, plaintiff below and appellee herein; and (2) ordered

appellant to pay appellee the amount of money she contributed towards the purchase of a vehicle.

{¶ 2}   Appellant raises the following assignments of error for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN
DECIDING THAT THE REAL PROPERTY THAT WAS
OWNED BY DEED BY THE APPELLANT WAS BEING HELD
BY APPELLANT IN CONSTRUCTIVE TRUST FOR THE
BENEFIT OF APPELLEE; AND SAID DECISION WAS
AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN
THAT THERE WAS NO EVIDENCE OF FRAUD,
WRONGDOING, DURESS, ETC."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION IN
DECIDING THAT THE VEHICLE WAS PURCHASED WITH
JOINT FUNDS AND THAT APPELLANT PAY TO THE
APPELLEE THE SUM CONTRIBUTED BY APPELLEE WHEN
NO EVIDENCE WAS INTRODUCED REGARDING ANY
ACTUAL AMOUNTS CONTRIBUTED BY APPELLEE."

{¶ 3}   Appellant and appellee lived together, but never married.   During their cohabitation, the parties purchased property that is the subject of the instant dispute.   The first property involves real estate purchased from appellee's aunt and uncle.   The deed contains both appellee's and appellant's names, but shortly after the parties acquired the property, appellee quit-claimed her one-half interest to appellant.   The second dispute involves a vehicle that the parties acquired for appellee's son.

{¶ 4}   After the parties' relationship soured, disputes arose as to the division of property.   Thus, on September 5, 2008, appellee filed a complaint and alleged that she and appellant acquired the real estate "as joint owners with the right of survivorship, and jointly paid and contributed equally to the purchase price of Eight Thousand Dollars ($8000.00)."   Appellee averred that appellant persuaded her "to transfer her interest in the premises to him in trust so that he could arrange financing for construction in his name only."   Appellee alleged that (1)

appellant fraudulently misrepresented his intentions regarding the transfer of her real estate interest and that he has been unjustly enriched; (2) appellant holds the property under a constructive trust; and (3) she and appellant purchased the vehicle for her son with joint funds and that each owns a one-half interest.

{¶ 5}   Appellant filed an answer through counsel.   On August 5, 2009, the trial court permitted counsel to withdraw because appellant discharged his counsel.   Appellant did not retain new counsel.

{¶ 6}   On December 30, 2009, the court conducted a bench trial.   Appellee testified that in June 2002, she and appellant purchased real estate from her aunt and uncle.   She stated that she later executed a quit-claim deed that assigned her interest to appellant for no consideration, but did not intend to relinquish her right to the real estate.   Rather, appellee claimed that appellant advised her that if they put the deed in his name only "the property taxes would be cheaper."   Appellee stated that she and her son resided on the property with appellant for approximately three years.

{¶ 7}   Appellee further testified that in June 2006, she and appellant used joint funds to purchase a vehicle.   Appellee testified that she believes that she owns a one-half interest in vehicle.   She stated that the parties placed the title in appellant's name to obtain a lower insurance rate.

{¶ 8}   On February 9, 2010, the trial court issued a "Decision and Order" that summarized the procedural history of the case and the evidence appellee presented at trial:

> "Upon review of the evidence, the Court finds that [appellee] has established that [appellant] holds title to the real estate in a constructive trust for the benefit of both parties and that both parties own a one-half un-divided interest

in the real estate.   As to the motor vehicle the Court finds that the vehicle was purchased with joint funds of the parties for the benefit of [appellee's] son.

It is hereby ordered that [appellant] convey to [appellee] his deed for the one-half un-divided interest in the real property.   Said interest shall be subject to the mortgage currently on the real property.   It is further ordered that [appellant] pay to [appellee] the sum contributed by [appellee] for the purchase of the pick-up truck.   The Court further orders that [appellant] pay the costs herein."

This appeal followed.

{¶ 9}   Initially, we must address a threshold issue.   Ohio appellate courts have jurisdiction to review the final orders of inferior courts within their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02.   A final, appealable order is one that affects a substantial right and determines the action.   R.C. 2505.02(B)(1).   If a judgment is not final and appealable, an appellate court does not have jurisdiction to review the judgment and the appeal must be dismissed.   See, e.g., Mtge. Electronic Registrations Sys. v. Mullins, 161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, at ¶ 17.   In the event that the parties involved with the appeal do not raise a jurisdictional issue, then the appellate court must raise it sua sponte.   Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186, 58 O.O.2d 399, 280 N.E.2d 922.

{¶ 10}   "[T]he primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution."   Harkai v. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 215, 736 N.E.2d 101; Burns v. Morgan, 165 Ohio App.3d 694, 2006-Ohio-1213, 847 N.E.2d 1288, ¶8.   "One fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a statement of the relief that is being afforded the parties."   Harkai at 215, 736 N.E.2d 101; Burns at ¶8; see,

also, <u>White v. White</u>, Gallia App. No. 01CA12, 2002-Ohio-6304, at ¶15; <u>Yahraus v. Circleville</u>

(Dec. 15, 2000), Pickaway App. No. 00CA04.   Thus, a purported judgment that does not specify

the relief granted does not terminate the action and does not constitute a final appealable order.

See <u>Harkai</u>, 136 Ohio App.3d at 221; <u>Wellborn v. K-Beck Furn. Mart, Inc.</u> (1977), 54 Ohio

App.2d 65, 66, 375 N.E.2d 61; <u>King v. Kelly</u>, Lawrence App. No. 01CA33, 2002-Ohio-4647, at

¶12.

{¶ 11}  A trial court, however, need not issue an "encyclopedic" judgment entry, but the

judgment entry must contain clear language to provide basic notice of rights, duties, and

obligations.   <u>Lavelle v. Cox</u> (Mar. 15, 1991), Trumbull App. No. 90-T-4396 (Ford, J.,

concurring).   A judgment entry must be worded in such a way that the parties do not need to

refer to any other document to determine how the judgment affects their rights.   As the <u>Harkai</u>

court explained:

> "'[T]he content of the judgment must be definite enough to be susceptible
> to further enforcement and provide sufficient information to enable the parties to
> understand the outcome of the case.   If the judgment fails to speak to an area
> which was disputed, uses ambiguous or confusing language, or is otherwise
> indefinite, the parties and subsequent courts will be unable to determine how the
> parties' rights and obligations were fixed by the trial court.'"

Id. at 216, quoting <u>Walker v. Walker</u> (Aug. 5, 1987), Summit App. No. 12978.   Moreover, a

"judgment" must be distinguished from a "decision."   See Sup.R. 7(A); Civ.R. 58(A); <u>William</u>

<u>Cherry Trust v. Hofmann</u> (1985), 22 Ohio App.3d 100, 104, 22 OBR 288, 292, 489 N.E.2d 832,

835.   Indeed, pursuant to Civ.R. 54(A), a judgment "shall not contain a recital of pleadings, the

magistrate's decision in a referred matter, or the record of prior proceedings."   These matters are

properly placed in the "decision."   A decision announces what the judgment will be.   The

judgment entry unequivocally orders the relief.   See St. Vincent Charity Hosp. v. Mintz (1987), 33 Ohio St.3d 121, 123, 515 N.E.2d 917, 919.

{¶ 12} In the case sub judice, the trial court's "Decision and Order" does not contain a clear pronouncement of the court's judgment such that the parties may understand all of their rights and obligations.   Here, the court ordered appellant to transfer a one-half interest in the real estate to appellee, but the court did not address appellee's claim for monetary damages and did not assign a value to appellee's one-half interest in the real estate.   Further, the court's entry does not specify the amount of money appellant should pay to appellee to compensate her for the vehicle that the parties jointly purchased.   Thus, although the court announced a decision, it did not set forth a judgment.   Moreover, it appears that the trial court may not have issued a final appealable order, or, in other words, a judgment that explicitly disposed of all claims for relief. "A final order * * * is one disposing of the whole case or some separate and distinct branch thereof."   Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306.   "An order which adjudicates one or more but fewer than all the claims presented in an action also must meet the requirements of Civ.R. 54(B) in order to be final and appealable."   Oakley v. Citizens Bank of Logan, Athens App. No. 04CA25, 2004-Ohio-6824, at ¶9, citing Noble v. Colwell (1989), 44 Ohio St.3d 92, syllabus.   Civ.R. 54(B) provides that "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

{¶ 13} Furthermore, it appears that the trial court may have determined liability, but not

the precise amount of monetary damages. "Judgments that determine liability, but defer the issue of damages for later adjudication, are neither final nor appealable because damages are part of a claim rather than a separate claim in and of themselves." Evans v. Rock Hill Local School Dist. Bd. Edn., Lawrence App. No. 04CA39, 2005-Ohio-5318, at ¶15. Additionally, a judgment that only partially resolves a claim is not a final appealable order even if the trial court has included a finding of no just cause for delay under Civ.R. 54(B). Id. at ¶16-17.

{¶ 14} Accordingly, based upon the foregoing reasons, we hereby dismiss this appeal.

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.