[Cite as *In Re: Proposed Charter Petition*, 2018-Ohio-3269.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| IN RE: PROPOSED CHARTER PETITION | : | Case No. 17CA22 |
| | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| | : | **Released: 08/08/18** |

<u>APPEARANCES</u>:

Terry J. Lodge, Toledo, Ohio, and Patrick C. McGee, Athens, Ohio, for Appellants.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Zachary L. Saunders, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for Appellee.

L. Bradfield Hughes, Porter Wright Morris & Arthur LLP, Columbus, Ohio, for *Amici Curiae* Affiliated Construction Trades Ohio Foundation, The Ohio Chamber of Commerce, the National Association of Royalty Owners, and the American Petroleum Institute.

Lisa Babish Forbes and Natalia M. Cabrera, Vorys, Sater, Seymour and Pease LLP, Cleveland, Ohio, for *Amici Curiae* Ohio Oil and Gas Association.

Per Curiam.

{¶1} Saraquoia Bryant, Margaret Hummon, John Howell, Richard McGinn, and Sally Jo Wiley formed a committee to sponsor a "Petition for the County Charter Government Proposal" which was the subject of court action in the Athens County Court of Common Pleas. "The Committee" submitted their petition for a proposed county charter to the Athens County Board of Elections ("BOE") for

certification but the BOE denied certification. The Committee appealed the denial to the common pleas court. On July 19, 2017 and July 25, 2017, the trial court entered judgment which affirmed the BOE's denial, and it is from these entries the Committee appeals. The Committee raises four assignments of error for our review. However, having reviewed the record, we find we do not have jurisdiction to review the matter due to lack of a final appealable order. Accordingly, we must dismiss this appeal.

## FACTS

{¶2} The aforementioned Committee wrote and sponsored a proposed county charter form of government for Athens County, Ohio. In spring 2017, the Committee circulated an initiative petition seeking to convert the Athens County government to the proposed charter form. The proposed charter contains, among a variety of provisions, a community bill of rights to create local control over environmentally harmful projects and processes.

{¶3} On or about June 28, 2017, the Committee filed the proposed county charter petition with the Athens County BOE. On or about July 10, 2017, the BOE determined that the proposed county charter petition contained sufficient valid signatures. However, the BOE also determined that the proposed county charter petition was invalid because the proposed county charter failed to provide for an

"elective county executive or an appointive county executive" as mandated under Ohio R.C. 302.02.

{¶4} Pursuant to Ohio R.C. 307.94, the Committee requested a hearing in the Athens County Common Pleas Court to establish the validity or invalidity of the county charter petition. On July 17, 2017, the trial court heard arguments from the Committee and the BOE. On or about July 19, 2017, the trial court issued a decision finding: (1) there was an insufficient number of elector signatures which disqualified the petition; and, (2) the BOE correctly concluded that the charter proposal failed to provide for an elective county executive or an appointive county executive. On July 25, 2017, the trial court reversed its prior ruling regarding the insufficient number of elector signatures. The trial court's decision dated July 25, 2017 ordered that the July 19, 2017 decision and judgment entry be amended nunc pro tunc to reflect that the Committee fully complied with the signature requirements of Ohio R.C. 307.94. However, the trial court's nunc pro tunc order also stated that the July 19, 2017 decision and judgment entry was to remain in full force and effect.

{¶5} This timely appeal followed. The Committee requests that the BOE and trial court rulings be reversed. The Committee further requests an order that the Athens County charter proposal be placed on the next appropriate election ballot.

{¶6} The Affiliated Construction Trades Ohio Foundation, the Ohio Chamber of Commerce, the National Association of Royalty Owners, and the American Petroleum Institute, along with the Ohio Oil and Gas Association, have filed amicus briefs in support of the BOE. These *amici* share various concerns about the proposed petition. For example, the petition provides in Section 1.5 that the people have the right to "modify the rights, powers, privileges, immunities, or duties of corporations that act within the County when those corporate rights, powers, privileges, immunities, or other duties conflict with the rights of people or nature." These *amici* respectfully submit that the BOE decision was properly upheld by the trial court and that it should be upheld by this court as well.

ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT ERRED BY REFUSING TO HOLD THAT OHIO CONST.ART.X, SEC. 3 PROVIDES A SEPARATE AND INDEPENDENT MEANS OF CREATING A COUNTY CHARTER FORM OF COUNTY GOVERNMENT

II. THE BOE AND TRIAL COURT ERRED IN FAILING TO RECOGNIZE THE CONSTITUTIONAL RIGHT OF LOCAL COMMUNITY SELF-GOVERNMENT, WHICH PREVENTS BOARDS OF ELECTIONS AND THE COURTS FROM DISQUALIFYING A PROPOSED CHARTER UNTIL THE PEOPLE HAVE VOTED UPON THEM.

III. THE TRIAL COURT ERRED IN UPHOLDING PRE-ELECTION SUBSTANTIVE REVIEW AND VETO POWERS USED BY THE BOE, UNCONSTITUTIONALLY INFRINGE ON THE PEOPLE'S INHERENT RIGHT TO LEGISLATE AND TO HAVE MEANINGFUL REDRESS IN THE COURTS.

IV. HB 463 IS UNCONSTITUIONAL BECAUSE IT VIOLATES
THE 'ONE-SUBJECT' RULE OF ARTICLE II, SEC 15(D) OF THE
OHIO CONSTITUTION."

## LEGAL ANALYSIS

{¶7} The Committee has filed notice of appeal from the decision and judgment entry dated July 19, 2017 and the judgment entry nunc pro tunc granting the motion for relief from judgment filed on July 25, 2017.  This is problematic. We do not have jurisdiction over this appeal if the trial court's judgment entry does not constitute a final appealable order.

{¶8} "Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district." *Saunders v. Grim*, 4th Dist. Vinton No. 08CA668, 08CA669, ¶ 5, quoting *Caplinger v. Raines*, 4th Dist. Ross  No. 02CA2683, 2003-Ohio-2586, at ¶ 2, citing Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02.  If an order is not final and appealable, then we have no jurisdiction to review the matter.  "In the event that this jurisdictional issue is not raised by the parties involved with the appeal, then the appellate court must raise it sua sponte." *Id.,* citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, (1989), syllabus[1]; *Whitaker-Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186 (1972).

---

[1] In *Chef Italiano*, the Supreme Court of Ohio held that a summary judgment decision was not final because it had resolved only two of four claims against a party. The resolved claims were for specific performance and to quiet title. *Id.* at 86, 541 N.E.2d 64. The unresolved claims involved breach of contract and breach of fiduciary duty. *Id.* Although the trial court order contained a Civ.R. 54(B) determination, the Supreme Court of Ohio concluded that

{¶9} In the Decision & Judgment Entry journalized July 19, 2017, the trial

court found as follows:

(1) "[T]he petition does not contain at least 10% of the required
amount of valid signatures necessary for the petition for a charter
form of government to be placed upon the ballot. R.C. 307.94.
Accordingly, the Court finds that the petition is invalid as it
contains an insufficient amount of validated signatures.  Article X,
Section 3 of the Ohio Constitution; R.C. 307.94"; and,

(2) "The Board based its decision not to certify the petition on their
finding that the petition failed to provide for a valid 'alternate form
of county government' as the petition failed to provide for a
'county executive.' * * *[T]he Court finds that the Board's
decision that the petition was invalid for failing to provide for the
appointment or election of a county executive is reasonable.  R.C.
302.02; *State ex rel. Walker v. Husted,* (2015), 144 Ohio St. 3d
361, R.C. Section 3501.11(K)(2); R.C. Section 3501.38
(M)(1)(b)."

{¶10} The July 19th entry also disposed of the matter as follows:

"THEREFORE, it is ORDERED that the determination of the Athens
County Board of Elections that the petition is invalid is affirmed.
* * * For the reasons stated above, Petitioner's proposed Charter
Petition is not certified to the Athens County Board of Commissioners
(sic) for placement on the ballot."

{¶11} In the Judgment Entry Nunc Pro Tunc Granting Motion for Relief

From Judgment entered July 25, 2017, the trial court made this pertinent finding:

---

the order was not a final order for purposes of Civ.R. 54(B) because it did not prevent the plaintiff from obtaining judgment against the defendants who had received partial summary judgment. *Id.* at 87–89, 541 N.E.2d 64. As a response to *Chef Italiano*, Civ.R. 54(B) was amended, effective July 1, 1992. *See LaMusga v. Summit Square Rehab, L.L.C.,* 2nd Dist. Montgomery No. 26641, 2015-Ohio-5305, 43 N.E.3d 504, ¶¶ 26 and 27. The Supreme Court of Ohio subsequently discussed the 1992 amendments in S*tate ex rel. Wright v. Ohio Adult Parole Auth.*, 75 Ohio St.3d 82, 661 N.E.2d 728 (1996). In *Wright, the* court noted that: "Civ.R. 54(B) was amended, effective July 1, 1992, to expressly state that it does apply to multiple claims that arise out of the same transaction, as well as separate transactions * * *." *Id.* at 86, 661 N.E.2d 728.

(1) "The Court notes that the Athens County Board of Elections, by counsel, agrees that sufficient elector signatures were submitted to comply with the requirement that an amount of signatures equal to 10% of the number of votes for Governor in the 2014 general election be gathered in support of the Petition."

{¶12} Neither the July 19th nor the July 25th entries state that they are final appealable orders or even just that they are final orders. However, the July 19th entry in effect terminates the action by finding that the BOE's decision was reasonable and by ordering that the proposed charter was not certified for placement on the ballot. Given those findings, the July 19th entry in effect forecloses the matter and therefore we find it to be a final order.

{¶13} Turning to the July 25th entry, we note that it was entered upon consideration of the Committee's Civ.R. 60(B)(1) motion for partial relief from judgment, based upon mistake. In the motion, the Committee pointed out that the trial court's determination regarding the signature issue was erroneously found. The court noted in its July 25th entry that upon further consideration and inquiry, the motion was found to be well taken and emphasized that the BOE, through its counsel, agreed that the number of elector signatures was sufficient to comply with the statutory requirement. As a preliminary matter, we point out that making a substantive correction to an entry is not the proper use of the nunc pro tunc language.

{¶14} It is well-settled that courts possess the inherent authority to correct errors in judgment entries at any time so that the record speaks the truth. *State v. Gavin,* 18. *State v. McCord,* 12th Dist. Clermont No. 2013–12–096, 2014–Ohio–3187, ¶ 8; *State v. Lester,* 130 Ohio St.3d 303, 2011–Ohio–5204, 958 N.E.2d 142, ¶ 18; Crim.R. 36.  Thus, a trial court may enter a nunc pro tunc entry where the original judgment entry contains "a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *Lester* at ¶ 18.  In the civil realm, we have previously explained that Civ. R. 60(A) permits a trial court to modify a judgment if it contains a clerical error, but not a substantive error. *Shaver v. Shaver,* 4th Dist. Gallia No. 05CA5, 2005-Ohio-6642, ¶13; *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 1996-Ohio-34, 671 N.E.2d 236 (superseded on other grounds); *Londrico v. Delores C. Knowlton, Inc.,* 88 Ohio App.3d 282, 285, 623 N.E.2d 723 (9th Dist. 1993); *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 247, 564 N.E.2d 97 (12th Dist. 1988).[2]

> "The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of 'blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner." *Shaver, supra,* quoting *Kuehn* at 247, citing

---

[2] *Kuehn* was superseded by statute on other grounds as stated in *Peck v. Peck,* Ohio App. 12 Dist., September 6, 1994 96 Ohio App.3d 371, 645 N.E.2d 1300 (12th Dist. 1994).

*Blanton v. Anzalone* (C.A.9, 1987), 813 F.2d 1574, 1577. Thus, a clerical mistake within the purview of Civ.R. 60(A) must be 'a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment.' *State ex rel. Litty,* at 100."

**{¶15}** As is obvious, the July 25, 2017 nunc pro tunc entry modified a substantive portion of the July 19, 2017 legal decision because the trial court recognized a factual mistake it its initial determination regarding the signatures. The trial court did not simply correct a clerical error or omission. On July 19th, the trial court found the petition did not have sufficient signatures. However, on July 25th, after further consideration of the Committee's motion for relief from judgment, the trial court concluded the petition did in fact have the sufficient number of signatures. Use of the nunc pro tunc language in the second entry was not proper. Moreover, upon review, it appears the July 25th entry is not a final appealable order.

**{¶16}** "[T]he primary function of a final order or judgment is the termination of a case or controversy that the parties have submitted to the trial court for resolution." *Downard v. Gilliland,* 4th Dist. Gallia No. 10CA2, 2011-Ohio-1783, ¶10, quoting *Harkai v. Scherba Industries, Inc.,* 136 Ohio App.3d 211, 215, 736 N.E.2d 101 (9th Dist. 2000); *Burns v. Morgan*, 165 Ohio App.3d 694, 2006–Ohio–1213, 847 N.E.2d 1288, (4th Dist.) ¶ 8. "One fundamental principle in the interpretation of judgments is that, to terminate the matter, the order must contain a

statement of the relief that is being afforded the parties." *Harkai* at 215, 736

N.E.2d 101; *Burns* at ¶ 8; *see also White v. White,* 4th Dist. Gallia No. 01CA12,

2002-Ohio-6304, at ¶ 15; *Yahraus v. Circleville,* 4th Dist. Pickaway No. 00CA04,

2000-Ohio-2019, *2. Thus, a purported judgment that does not specify the relief

granted does not terminate the action and does not constitute a final appealable

order. *See Harkai,* 136 Ohio App.3d at 221, 736 N.E.2d 101; *Wellborn v. K–Beck*

*Furn. Mart, Inc.*, 54 Ohio App.2d 65, 66, 375 N.E.2d 61 (10th Dist. 1977); *King v.*

*Kelly,* 4th Dist. Lawrence No. 01CA33, 2002-Ohio-4647, at ¶ 12.

{¶17} A trial court, however, need not issue an "encyclopedic" judgment

entry, but the judgment entry must contain clear language to provide basic notice

of rights, duties, and obligations. *Downard, supra,* at ¶11; *Lavelle v. Cox*, 11th

Dist. Trumbull No. 90–T–4396, 1991 WL, 35642 (Ford, J., concurring). A

judgment entry must be worded in such a way that the parties do not need to refer

to any other document to determine how the judgment affects their rights. As the

*Harkai* court explained:

> " '[T]he content of the judgment must be definite enough to be
> susceptible to further enforcement and provide sufficient information
> to enable the parties to understand the outcome of the case. If the
> judgment fails to speak to an area which was disputed, uses
> ambiguous or confusing language, or is otherwise indefinite, the
> parties and subsequent courts will be unable to determine how the
> parties' rights and obligations were fixed by the trial court.' Id. at 216,
> 736 N.E.2d 101, quoting *Walker v. Walker*, 9th Dist. Summit No.
> 12978, 1987 WL 15591."

{¶18} In the present matter, while the language of the July 25th nunc pro tunc entry clearly references its finding of a mistake with regard to the trial court's conclusion regarding the signatures, the trial court made no explicit finding as to the major dispute between the parties regarding compliance with R.C. 302.02. In the July 25th nunc pro tunc entry, the trial court disposed of the case as follows:

> "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the July 19, 2017 Decision and Judgment Entry in this matter shall be, and hereby is, amended nunc pro tunc. * * * IT IS FURTHER ORDERED THAT, except as modified by this Judgment Entry, the July 19, 2017 Decision and Judgment Entry shall otherwise remain in full force and effect."

{¶19} This vague language requires reference to the prior July 19th entry to determine what exactly is still "in full force and effect." While reviewing the parties' briefs and the record in preparation of this opinion, we are fully aware of the implication of the trial court's decisions and the entries read together. However, as discussed in *Burns, supra,* at ¶ 10, one must resort to review of the prior entry to see that the trial court did not change its determination as to the application of R.C. 302.02 in this matter. *See also McCoy v. Sullivan,* 4th Dist. Scioto No. 16CA3739, 2016-Ohio-3054, at ¶ 5; *Deutsche Bank Natl. Co. v. Caldwell,* 8th Dist. Cuyahoga No. 100594, 2014-Ohio-2982, at ¶ 19; *NovaStar Mtg., Inc. v. Akin,* 11th Dist. Trumbull Nos. 2007-T-0111 and 2007-T-0117, at

¶ 47. And, the July 25th entry does not explicitly state the relief granted the parties. *See Burns, supra,* at ¶ 8; *Downard, supra*, at ¶ 10; *NovaStar, supra* at ¶ 47; and *Bibbee v. Bibbee,* 4th Dist. Athens No.15CA38, 2016-Ohio-5188, at ¶ 23.

{¶20} Based on the foregoing, we find the July 25th entry of the trial court is not a final appealable order and as such, we have no jurisdiction to consider this appeal. Accordingly, we dismiss the appeal.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED.  Costs assessed to Appellants.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J., Abele, J., & McFarland, J.:  Concur in Judgment and Opinion.

For the Court,

BY: _____
Marie Hoover, Presiding Judge

BY: _____
Peter B. Abele, Judge

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**