[Cite as *State v. Gathright*, 2020-Ohio-4200.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| THOMAS GATHRIGHT, | : | Case No. 19CA000029 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:              Appeal from the Cambridge
                                      Municipal Court, Traffic Division,
                                      Case No. 2018 TRD 03465

JUDGMENT:                             Affirmed

DATE OF JUDGMENT:

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM H. FERGUSON                    BRIAN A. SMITH
Law Director, City of Cambridge        Brian A. Smith Law Firm, LLC
150 Highland Avenue, Suite 2           755 White Pond Drive, Suite 403
Cambridge, Ohio 43725                  Akron, Ohio 44320

*Baldwin, J.*

**{¶1}** Defendant-appellant Thomas Gathright appeals the decision of the Cambridge Municipal Court finding him guilty of failure to control his vehicle, a violation of R.C. 4511.202, a minor misdemeanor. Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

**{¶2}** Appellant was delivering a truckload of sand to the site of a well on a rural road in Cambridge. The trailer portion of the vehicle went off the road and spilled its contents. Appellant was cited for failure to control, but contended that a defect in the road caused the trailer to tip and he was not responsible. The trial court disagreed, found him guilty and fined him $100.00 and charged him with court costs. The court also recorded two points against his driver's license.

**{¶3}** Appellant drove his sand laden vehicle on Grape Hollow Road, traveling under the speed limit of fifteen miles per hour. He maneuvered to the right, attempting to miss some pot holes, when the trailer began tipping and fell. Once the trailer became unbalanced he was unable to regain control and it came to rest off the right side of the road in a ditch.

**{¶4}** Trooper James Barlock of the Ohio State Highway Patrol responded to the scene and cited Appellant for failure to control, after hearing Appellant's explanation that it was a defect in the road and not inattentive driving that resulted in the loss of control.

**{¶5}** Appellant entered a not guilty plea and the matter was tried. Testimony was limited to appellant and the Trooper. Appellee offered twenty-six photographs of the accident scene. Appellant submitted a video of the event as it occurred as well as photographs of the road surface taken days later.

**{¶6}** Appellant explained that he was driving approximately eleven miles per hour, under the 15 per mile speed limit, and he was driving on the right hand side of the road to avoid pot holes. Grape Hollow Road is a two lane road with no edge markings, and appears to be in a rural area as seen on the video. Appellant claims "the road gave just a little bit" shifted the weight of the trailer and causing it to tip into the ditch. Transcript at 25. He claimed his "steer tires never left the road" and that he was driving in a straight line when the defect in the road caused the problem. Transcript at 25. He testified that a section of the road "sunk down a little bit and that is what shifted the weight on that trailer." Transcript at 26.

**{¶7}** Trooper Barlock agreed that appellant told him "the back of his trailer started to get into the edge of the ditch line and then it just sucked him in. And once his load started to shift, I mean, he was just in for the ride." Transcript at 9. But the Trooper also concluded "there was nothing wrong with the road, he (appellant) just got off too far at the edge of the ditch and gravity took over." Transcript at 11. He testified that he cited appellant for failure to control because a "reasonable person wouldn't just drive off the edge of the road into a ditch." Transcript at 12. The Trooper took photographs of the scene. He testified that in none of the photographs did it appear that the road gave way.

**{¶8}** Appellant offered a video of the incident and, ironically, the Magistrate concluded the video corroborated the Trooper's conclusion:

> most persuasively Defendant's Exhibit 3 ... that it is clear that this vehicle
> went to the right of the roadway and appeared to go a little too far over the
> right of the roadway and ends up off the roadway with damage to both the
> road itself, to the grass, and to the load of vehicle. The fact that a ditch off

the side of the roadway is covered with grass doesn't eliminate the legal requirement for the operator of that vehicle to maintain reasonable control of the vehicle to keep the vehicle on the roadway. Transcript at 62.

**{¶9}** The Magistrate found the Appellant guilty and the trial court issued an "order judgment and journal entry" on the same day determining "there is no error of law or other defect on the face of the Magistrates' Decision. The Court adopts the Decision of the Magistrate, approves and enters the same as a matter of record, and makes the same the order of the Court as if fully rewritten therein." Appellant filed objections. This court remanded the matter on two occasions for the court to rule on said objections. On November 5, 2018 and, after a remand, on February 19, 2019, the trial court issued a "Docket and Journal Entry" both containing the following language: "The Court has reviewed the file and adopts the ruling of the Magistrate. The Defendant's objection is hereby overruled. SO ORDERED."

**{¶10}** Appellant then appealed. This Court, pursuant to an Opinion filed on August 22, 2019, in *State v. Gathright*, 5th Dist. Guernsey No. 18 CA 29, 2019-Ohio-3429, dismissed appellant's appeal for lack of a final appealable order. The trial court issued a final appealable order on September 12, 2019.

**{¶11}** Appellant now raises the following assignments of error on appeal:

**{¶12}** "I. APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

**{¶13}** "II. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II

{¶14} Appellant, in his two assignments of error, argues that his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.

{¶15} Sufficiency of evidence and manifest weight of the evidence are separate and distinct legal standards. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997–Ohio–52, 678 N.E.2d 541. Sufficiency of the evidence is a test of adequacy. *Id.* A sufficiency of the evidence standard requires the appellate court to examine the evidence in the light most favorable to the prosecution, to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).

{¶16} In contrast to the sufficiency of the evidence analysis, when reviewing a weight of the evidence argument, the appellate court reviews the entire record, weighing the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts of evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins,* supra at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶17} Under a weight of the evidence argument, the appellate court will consider the same evidence as when analyzing the appellant's sufficiency of evidence argument. Appellant argues there was insufficient evidence to convict appellant, and the trial court clearly lost its way as its conviction of appellant based on the total weight of the evidence caused a manifest miscarriage of justice.

**{¶18}** Appellant, in the case sub judice, was convicted of violating R.C. 4511.202. Such section states, in relevant part, as follows:

> No person shall operate a motor vehicle, trackless trolley, streetcar, agricultural tractor, or agricultural tractor that is towing, pulling, or otherwise drawing a unit of farm machinery on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle, trolley, streetcar, agricultural tractor, or unit of farm machinery.

**{¶19}** We find that, construing the evidence in a light most favorable to the prosecution, any rational trier of fact would have found appellant guilty of failure to control his vehicle and that the trial court, as trier of fact, did not lose its way in convicting appellant. The testimony of Trooper Barlock, the photographs and the video all support appellant's conviction. Appellant clearly went off the roadway into a ditch that was obscured by vegetation, causing his trailer to tip over onto its side. As noted by the Magistrate, he failed to maintain reasonable control of the vehicle to keep it on the roadway.

**{¶20}** Appellant's two assignments of error are, therefore, overruled.

**{¶21}** Accordingly, the judgment of the Cambridge Municipal Court is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.